# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

JUDGE PLUNKETT

MAGISTRATE JUDGE BOBRICK

**03C 7334**

| | |
|---|---|
| HAROLD BLUM, NANCY BENSEN, JAMES C. STRAIT, SEAN MCEWAN, DALE NOTBUSCH, EDWARD HEALY, DIANE MALONE, JEFFREY EDWARDS and MORGAN SHANK, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| RMI NETWORK SERVICES, INC., KIM FLAGSTAD (a/k/a KIM M. FLAGSTAD, KIM MICHELLE FLAGSTAD, KIM WELCH, KIM M. WELCH, KIM FLAGSTAD WELCH, KIM WELCH FLAGSTAD AND MRS. GEORGE E. WELCH), WILLIAM BORGSTROM, MICHAEL CALUMET, MICHAEL SHAPIRO and DYNAMIC MANAGEMENT SOLUTIONS, INC. | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

No.:
[Complaint]

DOCKETED

OCT 17 2003

FILED-EDS
03 OCT 16  PM 3:37
CLERK
U.S. DISTRICT COURT

## Complaint

The Plaintiffs, Harold Blum, Nancy Bensen, James C. Strait, Sean McEwan, Dale Notbusch, Edward Healy, Diane Malone, Jeffrey Edwards and Morgan Shank, allege:

1.  The Plaintiff, Harold Blum, "Blum," resides at 1316 Spring Beach Way, Village of Cary, Mc Henry County, Illinois.

2.  The Plaintiff, Nancy Bensen, "Bensen," resides at 3954 Whispering Trails Drive, Village of Hoffman Estates, County of Cook, Illinois.

3.  The Plaintiff, James C. Strait, "Strait," resides at 1806 Canterfield Parkway West,

Village of West Dundee, County of Kane, Illinois.

4.  The Plaintiff, Sean McEwan, "McEwan," resides at 704 Ridge Drive, City of Marengo, County of Mc Henry, Illinois.

5.  The Plaintiff, Dale Notbusch, "Notbusch," resides at 10115 Wilmette Avenue, Village of Algonquin, County of Mc Henry, Illinois.

6.  The Plaintiff, Edward Healy, "Healy," resides at 627 Leonard Parkway, City of Crystal Lake, County of Mc Henry, Illinois.

7.  The Plaintiff Diane E. Malone, "Malone," resides at 488 Rose Lane, Village of Bartlett, County of Cook, Illinois.

8.  The Plaintiff, Jeffrey Edwards, "Edwards," resides at 608 N. Wolf Road, #8, Village of Hillside, County of Cook, Illinois.

9.  The Plaintiff, Morgan Shank, "Shank," resides at 136 John Street, City of DeKalb, County of DeKalb, Illinois.

10. The Defendant, RMI Network Services, Inc., "RMI," is a duly organized corporation, operating in the State of Illinois, with its principal offices located at 2500 W. Higgins Road, Suite 140, Village of Hoffman Estates, County of Cook, Illinois or at 4238 Arlington Heights Road, Suite 140, Village of Arlington Heights, County of Cook, Illinois.

11. The Defendant, Kim Flagstad (a/k/a Kim M. Flagstad, Kim Michelle Flagstad, Kim Welch, Kim M. Welch, Kim Flagstad Welch, Kim Welch Flagstad and Mrs. George E. Welch), "Flagstad," is the principal shareholder, chief operating officer and fiduciary of the RMI Network Services, Inc., employee benefit plans. While

Flagstad owns houses in Florida and Arizona, on information and belief, Flagstad

principally resides at 225 Rue Jardin, Village of Deer Park, County of Lake,

Illinois.

12.     The Defendant, William Borgstrom, "Borgstrom," is an employee of Defendant

RMI and the paramour of Defendant Flagstad, who, while maintaining a residence

at 1330 W. Columbia, City of Chicago, County of Cook, Illinois, on information

and belief, principally resides with Defendant Flagstad at 225 Rue Jardin, Village

of Deer Park, County of Lake, Illinois.

13.     The Defendant, Michael Calumet, "Calumet," is the chief financial officer of

Defendant RMI with signatory authority over the bank accounts of Defendant

RMI; Calumet resides at 6553 N. Oxford, City of Chicago, County of Cook,

Illinois.

14.     The Defendant, Michael Shapiro, "Shapiro," is an officer and, on information and

belief, the principal shareholder of Dynamic Management Solutions, Inc.,

"Dynamic," a company operating in the State of Illinois whose principal office is

at 676 N. Michigan Avenue, Suite 3120, City of Chicago, County of Cook,

Illinois; Shapiro also assumes finance or administrative duties for the Defendant

RMI; and Shapiro resides at 217 16th Street, City of Wilmette, County of Cook,

Illinois.

15.     The Plaintiffs were, from time to time, all employees of Defendant RMI, who

benefitted from the work efforts of the Plaintiffs.

16.     This action arises under the Employee Retirement Income Security Act of 1974

(29 U.S.C.A., Sections 1001, et seq.). The court's jurisdiction is based on Section 1331 of Title 29 of the Code (29 U.S.C.A., Section 1331).

17.     Venue is proper pursuant to 1391(a) of Title 28 of the Code (28 U.S.C.A., Section 1391(a)).

18.     Moreover, this action arises under Title I of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section, 1001 et seq., and this court has jurisdiction under ERISA Section 502(e), 29 U.S.C. Section 1132(e) with venue of this action properly laid in the Northern District of Illinois by virtue of ERISA Section 502(e)(2), 29 U.S.C. 1132(e)(2).

19.     Further, this action arises under Sections 1962(c) of Title 18 and is a federal question pursuant to Section 1964(c) of Title 18.


I

BREACH OF FIDUCIARY DUTY

20.     The Defendant Flagstad is both a trustee and fiduciary over the Plaintiff's employee benefit plan within the meaning of ERISA Section 3(21), 29 U.S.C. Section 1002(21) and subject to the fiduciary duties imposed by Sections 404 and 409 of ERISA, 29 U.S.C. 1104 and 1109.

21.     The Defendant Calumet possessed signatory authority over the funds maintained in a bank account after collection of said funds from the Plaintiff's payroll.

22.     The Defendant Flagstad, along with Defendant Calumet, approved and made distributions to Defendant Borgstrom, on information and belief, of plan assets

that she commingled with the general assets of the corporation.

23.     Said distributions have, in part, caused delays in the funding or timely turning

over of assets, to those entities charged with maintaining the plan. Those delays

or failures to timely turnover funds resulted in a significant financial loss to the

Plaintiffs. Those delays or failure to timely turnover funds violates the Code of

Federal Regulations, Section 2510.3-102(a) that states that such contributions to

the plan must be made as of the earliest date on which such contributions can be

reasonably segregated from the employer's general assets, which here was the

date that the employee's payroll checks had been issued.

24.     Additionally, Defendant Flagstad, on information and belief has directed those

commingled funds, along with other assets of Defendant RMI to pay for

Defendant Flagstad's homes in Florida and Arizona, her boat and her plane, as

well as to pay for personal items, including, but not limited to, items such as Kitty

Liter, gasoline, cosmetics and food.

25.     The Defendant Flagstad approved and distributed said funds with the knowledge,

assistance and consent of Defendant Calumet, who delayed those contributions to

the plan, in part for the benefit of Defendant Borgstrom.

26.     The Defendants RMI, Flagstad and Calumet failed to discharge their fiduciary

duties regarding plan assets as required by 29 U.S.C. Section 1104(a)(1)(A) and

(B), in that among other things, they permitted the Defendants Flagstad and

Calumet to obtain control over plan assets which were then, on information and

belief, transferred to the Defendants Borgstrom and Flagstad.

27.     Moreover, the Defendants RMI, Flagstad and Calumet did conspire to issue
        payroll stubs showing that the funds withheld from the Plaintiff's payroll checks
        had been timely turned over to the third party maintaining accounts for said funds.

28.     As such, the Defendants RMI, Flagstad and Calumet did fail to inform, and did
        actively conceal from, the Plaintiffs that the funds for their employee benefits had
        not been properly held in a trust account segregating those funds from the General
        Assets of the Defendant RMI.

29.     On information and belief, the Plaintiff Shank did not participate in the
        aforementioned 401(k) employee benefit plan.

30.     As a direct and proximate result of the Defendants RMI, Flagstad and Calumet's
        breach of their fiduciary duty, the Plaintiffs, as identified above, are entitled to
        damages in an amount to be determined at trial.

31.     To the extent or degree that Defendant Borgstrom received cash or other benefits
        derived from the forgoing breaches of fiduciary duty, the Plaintiffs, as identified
        above, ask this court to order the Defendant Borgstrom to turnover said sums with
        any profits thereon to the Plaintiffs.

32.     Moreover, the Plaintiffs, as identified above, ask this Court to order such other
        relief as this court deems fair and just.


II

RICO

33.     The Plaintiffs re-allege Paragraphs 1 through 32.

34.    The theft or embezzlement of an employee benefit plan in violation of 18 U.S.C. 664 is a predicate act for the purposes of establishing a violation of RICO. 18 U.S.C. 1961(1).

35.    The Defendant RMI, by and through its officers and agents, did conspire with the Defendants Flagstad, Calumet and Borgstrom to engage in a pattern of actions, including, but not limited to, issuing payroll checks and ERISA plan notices, communications and information so as to gain control over the assets of the Plaintiff's qualified employee benefit plan, commonly known as a 401(k) plan.

36.    The Defendants RMI, Flagstad, Calumet and Borgstrom engaged in this conduct for personal gain and benefit by misleading the Plaintiffs, except Shank, as to the cause of their economic loss.

37.    As such, the Plaintiffs, except Shank, claim damages in an amount to be determined at trial, including, but not limited to compensatory damages, statutory damages, attorneys' fees and costs.


III

RICO

38.    The Plaintiff's re-allege Paragraphs 1 through 37.

39.    Despite the Defendant RMI's continued and persistent failures to pay employees' wages for work done and failure to make timely contributions to the Defendant RMI's employee benefit plans, the Defendants RMI, Flagstad, Calumet, Shapiro and Dynamic have conspired to advertise positions of employment, using both the

Page 7 of 13

internet and phones, as well as the mails, to contact prospective and current

employees. These Defendants contacted the Plaintiffs to induce them to work, or

continue to work, for Defendant RMI with the intent to benefit from the services

provided.

40.    As such, these Defendants did make misrepresentations, or omitted disclosing

relevant information, regarding the financial condition of the Defendant RMI, so

as deceive the Plaintiffs into going to work, or continuing to work,  for Defendant

RMI.

41.    At all times, the Plaintiffs were entitled to reasonably rely on the

misrepresentations of the Defendants RMI, Flagstad, Calumet, Shapiro and

Dynamic.

42.    All Plaintiffs relied on the misrepresentations or omissions of these Defendants.

43.    The Defendants RMI, Flagstad, Calumet, Shapiro and Dynamic engaged in

making misrepresentations or omissions for personal gain and benefit.

44.    The reasonable reliance of the Plaintiffs upon the misrepresentations and

omissions of the Defendants RMI, Flagstad, Calumet, Shapiro and Dynamic was

both the direct and proximate cause of the financial losses of the Plaintiffs.

45.    The Plaintiffs seek damages in an amount to be determined at trial, including, but

not limited to, compensatory damages, statutory damages, attorneys' fees and

costs.


IV

MULTIPLE VIOLATIONS OF THE ILLINOIS WAGE PAYMENT

AND COLLECTION ACT

46.    The Plaintiff's re-allege Paragraphs 1 through 45.

47.    The Plaintiffs, as employees of Defendant RMI, are entitled to compensation for

services rendered pursuant to 820 ILCS 115/4 in a time, place and manner

consistent with 820 ILCS 115/4.

48.    The Defendants RMI, Flagstad, by her tacit disregard for the corporate identity,

and Calumet have breached their respective duties to pay wages and

compensation consistent with 820 ILCS 115/4.

49.    To wit, all Plaintiffs have been injured in an amount to be determined at trial.

V

FRAUD IN THE INDUCEMENT TO CONTRACT

50.    The Plaintiffs re-allege Paragraphs 1 through 49.

51.    The Defendants RMI, Flagstad, Calumet, Shapiro and Dynamic engaged in

affirmative actions and omissions designed to mislead prospective job candidates

as to the liquidity and solvency of Defendant RMI.

52.    These actions included, but are not limited to, advertising positions of

employment for compensation on the World Wide Web when the Defendants

RMI, Flagstad, Calumet, Shapiro and Dynamic either knew or should have known

that no funds for compensation were available, by issuing letters mailed letters of

employment that these Defendants either knew or should have known could not

have been honored, by alleging the existence of a 401(k) retirement plan without disclosing breaches of fiduciary duty that had or were about to occur, without disclosing that, from time to time, the Defendant RMI issued payroll checks that were dishonored by the institution upon which those checks were drawn and without disclosing that, from time to time, Defendant Flagstad engaged in writing checks on accounts without funds and that she subsequently deposited those drafts so drawn in other accounts upon which the company issued payroll checks.

53.     The Defendants RMI, Flagstad, Calumet, Shapiro and Dynamic made these affirmative misrepresentations, or concealed omissions, with the intent that the Plaintiffs would rely on them; the Plaintiffs were reasonably entitled to rely on the affirmative misrepresentations, or omissions, of the Defendants RMI, Flagstad, Calumet, Shapiro and Dynamic.

54.     As a direct and proximate cause of one or more these affirmative acts or omissions, the Plaintiffs have suffered an economic loss in an amount to be determined at trial.

VI

VIOLATION OF ILLINOIS STATUTE REGARDING DISHONORED DRAFTS

55.     The Plaintiffs re-allege Paragraphs 1 through 54.

56.     From time to time, the Defendants RMI, Flagstad and Calumet did cause to issue payroll checks to various Plaintiffs that were not honored upon presentment to the drawee.

57.    These Plaintiffs, pursuant to 810 ILCS 5/3-806, are entitled to the amount of $25, or for all costs and expenses, including attorneys' fees, whichever is greater.

58.    As such, those Plaintiffs ask for damages in an amount to be determined at trial.


## VII

## FRAUD IN THE RETENTION OF EMPLOYEES FOR THE BENEFIT OF THE DEFENDANT RMI

59.    The Plaintiffs re-allege Paragraphs 1 through 58.

60.    The Defendants did engage in a scheme to deceive the Plaintiffs as to the financial situation of the Defendant RMI, by engaging, or failing to engage, in actions that include, but are not limited to, issuing payroll checks that were dishonored, claiming the existence of signed client contracts at a meeting on October 7, 2002 that the Defendants knew did not exist, issuing payroll stubs with affirmative misrepresentations upon them, issuing, or failing to issue, employee benefit plan communications, notices or information that should have included information relevant to the financial strength of the Defendant RMI.

61.    The Defendants either did not have a reasonable ground to know the aforementioned actions were true or in fact knew that some of those representations were false when made by them.

62.    The Defendants committed such actions or omissions with the intent that the Plaintiffs would rely on them, so that the Defendant RMI could retain the Plaintiffs as employees and so that the Defendant RMI could enjoy the benefit of

their collective work effort.

63. The Plaintiffs did continue to work in reasonable reliance on the representations of the Defendants and without knowledge of the falsity of those misrepresentations and without knowledge of the omissions.

64. The Defendants engaged in this conduct for personal gain and benefit and those misrepresentations and omissions were both the direct and proximate cause of the economic losses sustained by the Plaintiffs.

65. The Plaintiffs claim damages in an amount to be determined at trial.

VIII

BREACH OF CONTRACT

66. The Plaintiffs re-allege Paragraphs 1 through 65.

67. An at will contract of employment existed between the Plaintiffs and the Defendant RMI.

68. The Defendant RMI, by and through its officers and agents, did issue "offer letters" to the Plaintiffs specifying the amount of compensation.

69. The Plaintiffs accepted employment and began work.

70. The Plaintiffs did work for the benefit of Defendant RMI in exchange for the promises of wages and benefits.

71. The Plaintiffs have performed work that at this time remains uncompensated for by the Defendant RMI.

72. The Defendant RMI has breached the parties' contracts of at will employment.

73.     As a direct and proximate cause of the Defendant RMI's failure to perform under

the at will contract of employment, the Plaintiffs have sustained economic

damages in an amount to be determined at trial.


IX

UNJUST ENRICHMENT

74.     The Plaintiffs re-allege Paragraphs 1 through 73.

75.     The Plaintiffs worked hours on the premises of Defendant RMI, or at remote

locations at the request of an officer or agent of the Defendant RMI, under the

direction and supervision of the officers or agents of the Defendant RMI.

76.     To date, the Defendant RMI has enjoyed the benefit of the Plaintiff's effort

expended upon its behalf.

77.     Despite numerous demands by the Plaintiffs for the Defendant RMI to pay for the

Plaintiff's respective work effort, the Defendant RMI has failed to pay for that

work effort so expended by the Plaintiffs and benefitting the Defendant RMI.

78.     The Plaintiffs therefore claim damages in an amount to be determined at trial.

WHEREFORE, the Plaintiffs pray for relief under all counts as set forth herein.

Attorney for the Plaintiffs


Name:       Scott A. Thackaberry
Atty. for:  Plaintiffs
Address:    3008 Lincoln Road
            P.O. Box 3453
            Oak Brook, IL 60522
Tel. No.:   (847) 919-0705


Page 13 of 13

JS 44 (Rev. 3/99)                                    CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| (a) PLAINTIFFS Harold Blum, Nancy Bowser, James C. Strait, Sean McEwan, Dale Pathoshk, Deane Malone, Jeffrey Edwards and Morgan Shank | DEFENDANTS RMI Network Services, Inc. by Flagstadt W. Ryan Borgstrom, officers of Cluent, Michael Shapiro, and Dynamic Management Solutions, Inc. by Cook |
|---|---|
| (b) County of Residence of First Listed Plaintiff McHenry | County of Residence of First Listed Defendant Cook |
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

JUDGE PLUNKETT  MAGISTRATE JUDGE BOBRICK

(c) Attorney's (Firm Name, Address, and Telephone Number)
Scott A. Thackaberry
P.O. Box 3453
Oak Brook IL 60527
(847) 919-0703

Attorney (If Known)

03C 7334

II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

OCT 17 2003

IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Inj. | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☒ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of fiduciary duty, RICO, under ERISA
29 U.S.C. Sections 1001, et seq.

VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

VIII. This case ☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case _____, previously dismissed by Judge _____

DATE 10/16/03

SIGNATURE OF ATTORNEY OF RECORD

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

JUDGE PLUNKETT

EASTERN DIVISION

MAGISTRATE JUDGE BOBRICK

In the Matter of

HAROLD BLUM, ET AL

v.

RMI NETWORK, INC., ET AL

Case Number: 03C 7334

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiffs

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME  Scott A. Thackaberry | NAME |
| FIRM  Attorney at Law | FIRM |
| STREET ADDRESS  3008 Lincoln Road, P.O. Box 3453 | STREET ADDRESS |
| CITY/STATE/ZIP  Oak Brook, IL  60522 | CITY/STATE/ZIP |
| TELEPHONE NUMBER (847) 919-0705 / FAX NUMBER | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS  Thackaberry@comcast.net | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)  6255486 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?  YES ☐  NO ☑ | MEMBER OF TRIAL BAR?  YES ☐  NO ☐ |
| TRIAL ATTORNEY?  YES ☐  NO ☑ | TRIAL ATTORNEY?  YES ☐  NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER / FAX NUMBER | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?  YES ☐  NO ☐ | MEMBER OF TRIAL BAR?  YES ☐  NO ☐ |
| TRIAL ATTORNEY?  YES ☐  NO ☐ | TRIAL ATTORNEY?  YES ☐  NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |

DOCKETED
OCT 1 7 2003

FILED 03 OCT 15 PM 3:30
CLERK U.S. DISTRICT COURT

1-3

# INSTRUCTIONS FOR COMPLETING APPEARANCE FORM

1. General Information

   Local Rule 53.17 provides that once an attorney has filed an appearance form on behalf of a party, no additional appearances or substitutions may be made without leave of court. The Rule also provides that the attorney may not withdraw without leave of court. Therefore, if more than one attorney is going to represent the party or parties shown on the front of this form, each should complete the attorney appearance section of the form.

   This form is designed to permit the filing of appearances by up to four attorneys who represent the same party or parties. If more than four attorneys representing the same party or parties wish to file appearances, additional forms should be used and the letters (A), (B), (C), and (D) indicating the attorneys should be altered to (E), (F), (G), (H), respectively for the fifth through the eighth attorneys, etc.

2. Listing of Parties for Whom the Attorney is Appearing

   The names of each of the parties represented by the attorney(s) filing the appearance are to be listed on the lines immediately below the words "Appearances are hereby filed by the undersigned as attorney(s) for:". The type of party, e.g., plaintiff, defendant, third party plaintiff, should follow each party. If all of the parties are of the same type, e.g., all parties represented are plaintiffs, then the type of party can be shown at the end of the listing of parties.

3. Completing Attorney Information

   The information requested should be completed for each attorney filing an appearance. Where two or more attorneys are from the same firm, only the first listed from the firm need complete the information for firm name, street address, and city/state/ZIP. The others may indicate "Same as (letter designation of first attorney)."

4. Identification Number

   Attorneys who are members of the Illinois bar should enter the identification number issued to them by the Illinois Attorney Registration and Disciplinary Commission (ARDC). Attorneys who are not members of the Illinois bar should leave this item blank.

5. Attorney (A) and Notices

   Where more than one attorney is listed on the appearance form, all listed will be entered on the docket of the Clerk, as attorneys of record. However, notices will only be mailed to the attorney shown in box (A) on the form except where local counsel has been designated pursuant to Local Rule 83.15 (see below). The attorney is responsible for notifying all other attorneys included on the form of the matter noticed.

   Where appearances are filed on behalf of attorneys representing a state or local government, e.g., states attorney, corporation counsel, the persons filing the appearance may wish to list the name of the assistant who is in active charge of the case in box (A) and the appearance of the head of the

agency, e.g., attorney general, corporation counsel, or any other assistant assigned to such cases in subsequent boxes. In that way, the assistant in active charge will receive notice.

6. Appearances and Trial Bar Membership

   All attorneys filing appearances must indicate whether or not they are members of the trial bar of this Court and whether or not they are the attorney who will try the case in the event that it goes to trial.

   In criminal actions, an attorney who is not a member of the trial bar may not file an individual appearance. Pursuant to Local Rule 83.12, a member of the trial bar must accompany such attorney and must also file an appearance.

   In civil actions, an attorney who is not a member of the trial bar should designate the trial bar attorney who will try the case in the event that it goes to trial. If a trial bar attorney is not listed on the initial appearance and the case goes to trial, a trial bar attorney, pursuant to Local Rule 83.17, must obtain leave of court to file an appearance.

7. Designation of Local Counsel

   Pursuant to Local Rule 83.15, an attorney who does not have an office in this District may appear before this Court "only upon having designated, at the time of filing his/her initial notice or pleading, a member of the bar of this Court having an office within this District upon whom service of papers may be made." No attorney having an office in this District may designate local counsel. No attorney may designate more than one attorney as local counsel. Notices will be mailed by the Clerk's Office to both the attorney shown in box (A) and the attorney designated as local counsel.

8. Parties are Required to Consider Alternative Dispute Resolution

   Pursuant to 28 U.S.C. §652(a), all litigants in civil cases pending before this Court are directed to consider the use of an alternative dispute resolution process at the earliest appropriate stage of the litigation. Such process may include mediation, early neutral evaluation, minitrial, or arbitration.

9. Local Rule 3.2 Requires Notification As To Affiliates

   In every action in which an affiliate of a public company is a party, counsel for such party shall file with the Clerk a statement listing each public company of which such party is an affiliate. Where such party is a plaintiff the statement shall be filed with the complaint. Where such party is a defendant the statement shall be filed with the answer or motion in lieu of answer.