DOCKETED

AUG 2 – 2004

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HAROLD BLUM, *et. al.*, <br>     *Plaintiffs*, <br><br> v. <br><br> RMI NETWORK SERVICES, <br> INC., *et. al.*, <br>     *Defendants*. | ) <br> ) <br> ) <br> )    No. 03 C 7334 <br> )    Judge Plunkett <br> ) <br> )    Thursday, July 29, 2004 at 11:00 a.m. <br> ) |

## NOTICE OF MOTION

To: See Attached Service List

    **PLEASE TAKE NOTICE** that on Thursday, July 29, 2004 at 11:00 a.m., we shall appear before the **Honorable Paul E. Plunkett,** or any judge sitting in his stead in Courtroom 1441 of the United States District Court, Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present **William Borgstrom's Rule 12(b)(6) Motion to Dismiss Him as a Party Defendant**, a copy of which is attached hereto and hereby served upon you.

                                       Respectfully submitted,

                                       **DEFENDANT WILLIAM BORGSTROM**

                                       By: /s/ Pamela S. DiCarlantonio
                                            One of his attorneys

Paula K. Jacobi
Pamela S. DiCarlantonio
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
(312) 704-9400

50348-1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HAROLD BLUM, *et. al.*, <br> Plaintiffs, <br><br> v. <br><br> RMI NETWORK SERVICES, <br> INC., *et. al.*, <br> Defendants. | ) <br> ) <br> ) <br> ) No. 03 C 7334 <br> ) Judge Plunkett <br> ) <br> ) <br> ) <br> ) |

**WILLIAM BORGSTROM'S RULE 12(b)(6) MOTION
TO DISMISS HIM AS A PARTY DEFENDANT**

Defendant William Borgstrom ("Borgstrom"), by his attorneys, moves this Court for entry of an order dismissing him as a party defendant pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Borgstrom states:

1. Only two of plaintiffs' claims are brought against Borgstrom: Count I for breach of fiduciary duty and Count II for an alleged RICO conspiracy.

2. Counts I and II each fail to state a claim against Borgstrom.

3. Accordingly, Borgstrom is entitled to be dismissed with prejudice as a party defendant, pursuant to Rule 12(b)(6).

4. In further support of this motion, Borgstrom has filed a memorandum of law.

**WHEREFORE,** for the reasons stated herein and in the supporting memorandum, defendant William Borgstrom respectfully requests the entry of an order dismissing him as a defendant to this action, with prejudice.

Respectfully submitted,

DEFENDANT WILLIAM BORGSTROM

By: /s/ *[signature]*
One of his attorneys

50311-1                                           1

Paula K. Jacobi
Pamela S. DiCarlantonio
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
(312) 704-9400

50311-1

2

**DOCKETED**
**AUG 2 - 2004**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

HAROLD BLUM, et. al., )
)
    Plaintiffs, )
)  No. 03 C 7334
v. )  Judge Plunkett
)
RMI NETWORK SERVICES, INC., et. al. )
)
    Defendants. )

**FILED JUL 0 9 2004 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT**

## WILLIAM BORGSTROM'S MEMORANDUM OF LAW IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS HIM AS A PARTY DEFENDANT

### I. Introduction

Neither of the Counts to which William Borgstrom ("Borgstrom") is named as a defendant in Plaintiffs' Amended Complaint,[1] Count I for breach of fiduciary duty and Count II for alleged RICO conspiracy, can stand. The required elements of the claims are not pled as to Borgstrom. The essence of a fiduciary claim – the existence of a duty owed by Borgstrom to plaintiffs and a breach thereof – is pled nowhere. "Predicate acts" committed by Borgstrom required to establish a RICO claim are also missing from the Amended Complaint. Because plaintiffs have failed to state a claim against Borgstrom, he must be dismissed as a party defendant.

### II. Argument

**A.   Plaintiffs fail to state a claim against Borgstrom for breach of fiduciary duty.**

To state a claim for breach of fiduciary duty under Illinois law, a plaintiff must "set forth allegations, supported by facts, that a fiduciary relationship existed between the parties, that the [defendant] owed certain, specific duties to the plaintiff, that the [defendant] breached those duties, and that there were resulting damages." *Chicago City Bank and Trust Co. v. Lesman*, 186

---

[1]   A copy of Plaintiffs' Amended Complaint is attached hereto as Exhibit A.

49873-2                       1

Ill.App.3d 697, 701 (1st Dist. 1989). One quickly sees that none of these allegations are pled as to Borgstrom.

The only allegations against Borgstrom follow:

- Kim Flagstad "approved and made distributions to Defendant Borgstrom, on information and belief, of plan assets that she commingled with the general assets of the corporation." (Complaint ¶24)

- Flagstad and Michael Calumet delayed contributions to plaintiffs' employee benefit plan "in part for the benefit of Defendant Borgstrom." (Complaint ¶27)

- Plan assets were "on information and belief, transferred to the Defendants Borgstrom and Flagstad." (Complaint ¶28)

- Borgstrom may have received "cash or other benefits derived **from the forgoing [sic] breaches of fiduciary duty" by Flagstad and Calumet**. (Complaint ¶34)(emphasis added).

These vague, conclusory allegations – on "information and belief" no less – assert no fiduciary duty owed to the plaintiffs on the part of Borgstrom. Their only allegation regarding the nature of his employment is that he was an "employee" of RMI Network Services, Inc., just as plaintiffs were. (*See* Complaint ¶¶14, 17). The Amended Complaint contains no facts claiming a breach of any duty owed to plaintiffs nor any damages suffered by plaintiffs as a result of any conduct of Borgstrom. To the contrary, plaintiffs explicitly state that the claim made against Borgstrom in Count I is based on alleged breaches by others. (Complaint ¶34)

For these reasons, Count I fails to state a cause of action for breach of fiduciary duty against Borgstrom, requiring dismissal of Borgstrom.

**B.    Plaintiffs fail to allege a RICO conspiracy against Borgstrom.**

To state a claim for conspiracy under §1962(d) of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 *et. seq.* ("RICO") against Borgstrom, plaintiffs must allege that: (1) Borgstrom "agreed to maintain an interest in or control of an enterprise or to participate

49873-2                                               2

in the affairs of an enterprise through a pattern of racketeering activity"; and (2) Borgstrom "further agreed that someone would commit at least two predicate acts to accomplish those goals." *Goren v. New Vision Int'l, Inc.,* 156 F.3d 721, 732 (7th Cir. 1998). Moreover, "in order to plead a viable §1962(d) claim, a plaintiff must allege that a defendant 'agreed to the objective of a violation of RICO.'" *Id.* at 732. "[M]ere association with an enterprise" is insufficient to impose liability for a RICO conspiracy. *Id.* at 731-32. Again, none of these required elements for a RICO claim have been alleged as to Borgstrom.

In *Goren*, the plaintiff's complaint also failed to state a RICO claim. Among other defects, the complaint provided no details as to the roles played by certain individual defendants in the defendant corporation; "not even their corporate titles" were given. *Id.* at 732. Nor did the complaint allege an agreement by any of those defendants to participate in the affairs of the RICO enterprise, or an agreement by those defendants to commit at least two specific predicate acts. *Id.* For these reasons, the *Goren* complaint failed to allege a viable conspiracy claim under RICO and was dismissed.

Like the complaint in *Goren,* plaintiffs' allegations in Count II fail to state a claim for civil conspiracy under RICO. The "predicate act" needed for a RICO claim alleged by plaintiffs is the "theft or embezzlement of an employee benefit plan in violation of 18 U.S.C. 664." Yet, plaintiffs never allege that Borgstrom personally violated §664. Nor are any facts alleged showing that Borgstrom (1) "agreed to maintain an interest in or control of an enterprise or to participate in the affairs of an enterprise through a pattern of racketeering activity"; or (2) "further agreed that someone would commit at least two predicate acts to accomplish those goals." *See Goren,* 156 F.3d at 732.

The only allegations involving Borgstrom follow:

49873-2                                                              3

- RMI, through its officers and agents, "did conspire with the Defendants Flagstad, Calumet and Borgstrom to engage in a pattern of actions, including, but not limited to, issuing payroll checks and ERISA plan notices, communications and information so as to gain control over the assets of the Plaintiff's [sic] [401(k)] plan." (Complaint ¶39)

- "RMI, Flagstad, Calumet and Borgstrom engaged in this conduct, regarding the 401(k) plan, for personal gain and benefit by misleading the Plaintiffs . . . as to the cause of their economic loss." (Complaint ¶41)

As one can quickly see from these allegations, plaintiffs fail to allege that Borgstrom had anything to do with the company's 401(k) plan or payroll. Even more significantly, they do not allege any conduct by Borgstrom individually, or any agreement by Borgstrom for others to take any actions. It is well established that a complaint that contains only conclusory, vague and general allegations of a conspiracy cannot stand. *Goren*, 156 F.3d at 733.

Because Count II of plaintiffs' complaint meets none of the pleading requirements to state a RICO claim as to Borgstrom, he must be dismissed as a party defendant.

### III. Conclusion

For all of the foregoing reasons, defendant William Borgstrom should be dismissed with prejudice as a party defendant to this action.

Respectfully submitted,

WILLIAM BORGSTROM

By: _____
One of his attorneys

Paula K. Jacobi, Esq.
Pamela S. DiCarlantonio, Esq.
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
(312) 704-9400

49873-2                                            4

*See Case File for Exhibits*