## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

HAROLD BLUM, NANCY BENSEN, JAMES C. )
STRAIT, SEAN MCEWAN, DALE NOTBUSCH, )
EDWARD HEALY, DIANE MALONE, )
STEVEN F. NEYLON, JEFFREY EDWARDS )
and MORGAN SHANK, )
                                   )
           Plaintiffs, )
                                    )
       v. )        Case No. 03 C 7334
                                    )        (Amended Complaint)
RMI NETWORK SERVICES, INC., FLAGSHIP )        Judge: Plunkett
INTEGRATION SERVICES, INC., KIM )
FLAGSTAD (a/k/a KIM M. FLAGSTAD, KIM )
MICHELE FLAGSTAD, KIM WELCH, KIM M. )
WELCH, KIM FLAGSTAD WELCH, KIM )
WELCH FLAGSTAD AND MRS. GEORGE E. )
WELCH), WILLIAM BORGSTROM, MICHAEL )
CALUMET, MICAHEL SHAPIRO and )
DYNAMIC MANAGEMENT SOLUTIONS, INC., )
                                     )
           Defendants. )

TO:      See Attached Service List

### NOTICE OF MOTION

        PLEASE TAKE NOTICE that on July 29, 2004 at 11:00 a.m. in Room 1441 of the U.S. District Court, 219 S. Dearborn Street, Chicago, Illinois 60602, the undersigned will present before the Honorable Judge Plunkett or any other Judge sitting in his/her stead, Flagship Integration Services, Inc. and Kim Flagstad's, Motion To Dismiss Plaintiffs' Amended Complaint and Memorandum in Support, copies of which are attached hereto.

### CERTIFICATE OF SERVICE

        I, Arika J. Osacky, an attorney, hereby certify that I served a copy of the foregoing **Notice of Motion** and documents referred to therein to all parties listed above via the method listed on the service list on July 12, 2004.

                             *Arika J Osacky*

Arika J. Osacky
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 North LaSalle Street, Suite 2700
Chicago, Illinois 60601
(312) 346-1300
(312) 782-8416 (Fax)
Attorneys for Plaintiff

253032.1 050431-33561

## SERVICE LIST

**VIA U.S. MAIL**

Michael J. Devine
James E. O'Halloran
Deutsch Levy & Engel, Chtd.
225 W. Washington Street
Suite 1700
Chicago, IL  60606

**VIA U.S. MAIL**

Scott A. Thackaberry
3008 Lincoln Road
P.O. Box 3453
Oak Brook, IL  60522

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

HAROLD BLUM, NANCY BENSEN, JAMES C. )
STRAIT, SEAN MCEWAN, DALE NOTBUSCH, )
EDWARD HEALY, DIANE MALONE, )
STEVEN F. NEYLON, JEFFREY EDWARDS )
and MORGAN SHANK, )
                              )
                Plaintiffs, )
                              )
         v. )             Case No. 03 C 7334
                              )             (Amended Complaint)
RMI NETWORK SERVICES, INC., FLAGSHIP )     Judge: Plunkett
INTEGRATION SERVICES, INC., KIM )
FLAGSTAD (a/k/a KIM M. FLAGSTAD, KIM )
MICHELE FLAGSTAD, KIM WELCH, KIM M. )
WELCH, KIM FLAGSTAD WELCH, KIM )
WELCH FLAGSTAD AND MRS. GEORGE E. )
WELCH), WILLIAM BORGSTROM, MICHAEL )
CALUMET, MICAHEL SHAPIRO and )
DYNAMIC MANAGEMENT SOLUTIONS, INC., )
                              )
              Defendants. )

## FLAGSHIP INTEGRATION SERVICES, INC. AND KIM FLAGSTAD'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendants, FLAGSHIP INTEGRATION SERVICES, INC. ("Flagship") and KIM

FLAGSTAD ("Flagstad") (collectively "Defendants"), by their attorneys, Eric S. Rein and Arika

J. Osacky of Schwartz, Cooper, Greenberger & Krauss, Chtd., move this Honorable Court,

pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Amended Complaint of

Plaintiffs. In support thereof, Defendants submit and incorporate herein their accompanying

Memorandum in Support of Motion to Dismiss and state as follows:

       1.     Plaintiffs have no standing to assert a claim under the Employee Retirement

Income Security Act of 1974 ("ERISA").

       2.     The Federal Racketeer Influenced and Corrupt Organizations ("RICO") Act

counts are not pled with necessary elements and specificity.

3.      There is no federal question that allows this Court proper jurisdiction over any dispute between these parties.  Therefore, the state law claims must necessarily be dismissed, as well.

4.      Notwithstanding, the state law claims are equally deficient in their pleading proper causes of action.

WHEREFORE, Defendants, FLAGSHIP INTEGRATION SERVICES, INC. and KIM FLAGSTAD, pray that the Amended Complaint of Plaintiffs, be dismissed with prejudice as against them.

                                FLAGSHIP INTEGRATION SERVICES, INC. and
                                KIM FLAGSTAD

                                By: _____
                                    One of Their Attorneys

Eric S. Rein
Arika J. Osacky
SCHWARTZ, COOPER, GREENBERGER
   & KRAUSS, CHARTERED
180 N. LaSalle Street
Suite 2700
Chicago, IL  60601
(312) 346-1300
Fax: (312) 782-8416



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

HAROLD BLUM, NANCY BENSEN, JAMES C. )
STRAIT, SEAN MCEWAN, DALE NOTBUSCH, )
EDWARD HEALY, DIANE MALONE, )
STEVEN F. NEYLON, JEFFREY EDWARDS )
and MORGAN SHANK, )
                                      )
        Plaintiffs, )
                                        )
      v. )          Case No. 03 C 7334
                                        )          (Amended Complaint)
RMI NETWORK SERVICES, INC., FLAGSHIP )          Judge: Plunkett
INTEGRATION SERVICES, INC., KIM )
FLAGSTAD (a/k/a KIM M. FLAGSTAD, KIM )
MICHELE FLAGSTAD, KIM WELCH, KIM M. )
WELCH, KIM FLAGSTAD WELCH, KIM )
WELCH FLAGSTAD AND MRS. GEORGE E. )
WELCH), WILLIAM BORGSTROM, MICHAEL )
CALUMET, MICAHEL SHAPIRO and )
DYNAMIC MANAGEMENT SOLUTIONS, INC., )
                                        )
        Defendants. )

## FLAGSHIP INTEGRATION SERVICES, INC. AND KIM FLAGSTAD'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants, FLAGSHIP INTEGRATION SERVICES, INC. ("Flagship") and KIM

FLAGSTAD ("Flagstad") (collectively "Defendants"), by and through their attorneys, submit the

following memorandum in support of their Motion to Dismiss the Amended Complaint of

Plaintiffs.

## I.    INTRODUCTION

The Plaintiffs in this case are individuals alleging they are former employees of RMI

Network Services, Inc. ("RMI"). Am.Cpt., ¶17. Plaintiffs also allege RMI sold its assets in an

Uniform Commercial Code ("UCC") sale to Flagship. Am.Cpt., ¶12. Although the Amended

Complaint is not entirely clear, Plaintiffs allege RMI failed to pay to them wages and employee

benefits.

The Plaintiffs assert nine counts against various of the defendants, including breach of fiduciary duty, RICO, fraud claims, breach of contract and unjust enrichment. However, the Amended Complaint lacks a wherefore clause explaining (i) what relief the Plaintiffs seek, (ii) who they seek the relief against and (iii) identifying the amount of damages sought for each claim. Notwithstanding, it appears Plaintiffs seek relief from Flagship and/or Flagstad on all nine counts. All of Plaintiffs' claims should be dismissed against Flagship and Flagstad because the Plaintiffs fail to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Additionally, only Counts I-III allege claims appropriate for federal jurisdiction. Because Counts I-III should be dismissed pursuant to FRCP 12(b)(6), this Court lacks jurisdiction to decide Counts IV – IX which allege only state law claims, and therefore they should be dismissed as well. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).

## II.     COUNT I ALLEGING BREACH OF FIDUCIARY DUTY SHOULD BE DISMISSED BECAUSE PLAN PARTICIPANTS CANNOT SUE IN THEIR INDIVIDUAL CAPACITIES

Count I of Plaintiffs' complaint seeks relief against Flagstad for breach of fiduciary duty in her alleged role as trustee and fiduciary of the employee benefit plan. Am.Cpt., ¶22. The Plaintiffs allege violations pursuant to 29 U.S.C. §1104(a)(1)(A) and seek relief pursuant to 29 U.S.C. §1109. The Employee Retirement Income Security Act of 1974 ("ERISA"), however, bars individuals from maintaining a cause of action against a fiduciary for damages. 29 U.S.C. §1109.

Section 1109 provides for personal liability against fiduciaries who have breached responsibilities imposed upon them by the subchapter "to make good to *such plan* any losses to the plan resulting from each such breach, and to *restore to such plan* any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary." *Id.* (emphasis added). Moreover, under Section 1109, a breach of fiduciary claim can be brought **only** on behalf of the

- 2 -

employee welfare benefit plan itself, not by plan participants suing in their individual capacities. *Walter v. Int'l Ass'n of Machinists Pension Fund*, 949 F.2d 310, 317 (10th Cir. 1991) (holding a fiduciary who breaches his fiduciary duty is liable to the plan – not to the beneficiaries individually); *see also Farris v. Century Planners, Ltd.*, 858 F.Supp. 150, 152 (D. Kan. 1994) (holding same). Here, despite Section 1109's premise on liability, the Plaintiffs have sued in their individual capacities and seek damages individually, not for the plan. Therefore, this Court should dismiss Count I in its entirety.

To the extent Plaintiffs seek relief from Flagship, it is unfounded. First, Plaintiffs fail to state a claim for breach of fiduciary duty. Second, even if Plaintiffs could state a claim, their request for turnover of money or personal property from Flagship is premature. Third, nowhere in the complaint is it alleged that Flagship did anything wrong – all the Plaintiffs have alleged is that there may have been an UCC sale. Therefore, this Court should dismiss Count I as to Flagship.

**III.     PLAINTIFFS' RICO CLAIMS MUST BE DISMISSED BECAUSE THEY FAIL TO ALLEGE THE EXISTENCE OF AN ENTERPRISE, FAIL TO PLEAD FRAUD WITH PARTICULARITY AND FAIL TO PROPERLY NOTIFY DEFENDANTS**

Counts II and III (the "RICO Counts") of Plaintiffs' Amended Complaint allege violations of the Federal Racketeer Influenced and Corrupt Organizations ("RICO") Act. To allege a violation of RICO § 1962(c), a plaintiff must allege "that the defendant (1) was employed by or associated with (2) an enterprise engaged in, or the activities of which affected interstate or foreign commerce, and (3) that the person conducted or participated in the conduct of the enterprise's affairs (4) through a pattern of racketeering activity." *Haroco, Inc. v. American Nat'l Bank & Trust Co.*, 747 F.2d 384, 387 (7th Cir. 1984). The Amended Complaint

fails to allege these four key elements, therefore the RICO Counts should be dismissed pursuant to FRCP 12(b)(6).

In essence, Plaintiffs' RICO Counts fail to allege an 'enterprise,' fail to allege an enterprise affecting interstate commerce, fail to plead fraud with particularity as required by Rule 9(b), and fail to even fulfill the modest pleading requirements of Rule (8). As such, the RICO Counts fail to properly allege a RICO violation under *Haroco, Inc.*, and they must be dismissed pursuant to Rule 12(b)(6).

### A. Plaintiffs Failed to Allege the Existence of an Enterprise

RICO defines 'enterprise' as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Plaintiffs' Amended Complaint alleges the existence of several individuals as well as corporations, but the RICO Counts never allege the existence of an enterprise for the purposes of RICO. It is required that "plaintiffs must plead specific facts, not mere conclusory allegations, which establish the enterprise." *Montesano v. Seafirst Commercial Corp.*, 818 F.2d 423, 427 (5th Cir. 1987). Failure to clarify the existence of an enterprise can lead to the proper dismissal of a RICO claim. *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995). In *Richmond*, the plaintiff sued under RICO, alleging that an automobile purchase contract forcing the purchase of car insurance was fraudulent. *Id.* at 643. Plaintiff alleged the existence of two enterprises, one being the insurance company, which consisted of several entities, and the other being the insurance company and unnamed car dealerships. *Id.* at 645. The court found that "such a nebulous, open-ended description of the enterprise does not sufficiently identify this essential element of the RICO offense," and dismissed, accordingly. *Id.*

In the case at hand, Plaintiffs' definition of the enterprise is even more difficult to follow, and in fact, they do not supply one. Absent the allegation of an enterprise, Plaintiffs' RICO

- 4 -

Case: 1:03-cv-07334 Document #: 17 Filed: 07/21/04 Page 9 of 17 PageID #:134

Counts are entirely invalid. Even where the *Richmond* court was able to *infer* who the plaintiff *meant* to include in the enterprise, it still dismissed the complaint. *Id.* It is doubtful that a similar inference could be made here. Regardless, the RICO Counts must be dismissed pursuant to Rule 12(b)(6).

### B.   Plaintiffs Failed To Allege An Enterprise Affecting Interstate Commerce

Plaintiffs must allege that Defendants were employed by or associated with "an enterprise engaged in, or the activities of which affected interstate or foreign commerce...." *Haroco, Inc.*, 747 F.2d at 387. Of course, where no enterprise has been defined, it is especially difficult to determine whether interstate commerce has been effected. Nevertheless, no allegation of an effect upon interstate commerce has been made by Plaintiffs. Therefore, the RICO Counts are not plead properly under *Haroco, Inc.*

### C.   Plaintiffs Failed To Establish A Pattern Of Racketeering Activity

Plaintiffs must allege that Defendants conducted or participated in the affairs of the enterprise "through a pattern of racketeering activity." *Haroco, Inc.*, 747 F.2d at 387. Racketeering activity, commonly referred to as 'predicate acts,' is defined in § 1961(1) to include any act indictable under § 664 (relating to embezzlement of pension funds), § 1341 (relating to mail fraud), or § 1343 (relating to wire fraud) of title 18 of the United States Code. 18 U.S.C. § 1961(1). While Plaintiffs have specifically alleged embezzlement (Am.Cpt., ¶ 38), they have failed to specifically allege fraud in either of the RICO Counts.

The mere allegation of a 'predicate act' is not sufficient, as the Plaintiffs must establish a "pattern of racketeering activity." *Haroco, Inc.*, 747 F.2d at 387. This requires the showing of both a relationship between the acts of racketeering as well as a threat of continuing activity, or continuity. *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989). In *H.J. Inc.*, the Supreme Court determined that "RICO's legislative history reveals Congress' intent that

to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *Id.* It is unclear in reading Plaintiffs' RICO Counts if and when the Plaintiffs believe predicate acts occurred and who the Plaintiffs believe committed them, much less how the predicate acts may or may not be related to each other. Because Plaintiffs make no such allegation in their Amended Complaint, they fail to establish a "pattern" as considered by the Supreme Court in *H.J. Inc.*

It appears that Plaintiffs may have meant to allege mail and wire fraud in Count III. If so, the Court must apply the more stringent standard of pleading required by FRCP 9(b) with respect to these claims. *Haroco, Inc.*, 747 F.2d at 405. In *Haroco, Inc.*, the court found that where the plaintiff's RICO complaint alleging fraud "adequately specified the transactions, the content of the allegedly false representations, and the identities of those involved," it fulfilled the Rule 9(b) requirements. *Id.* Such specifications are important, as they ensure enough pre-complaint investigating so as to eliminate frivolous and defamatory claims. *Daniels v. Bursey*, No. 03 C 1550, 2004 U.S. Dist. LEXIS 6365 at *15 (N.D. Ill. Apr. 14, 2004). In the case at hand, Plaintiffs' RICO Count III does not specify any of the three elements required under *Haroco, Inc.*, making only vague references to Defendants' use of internet and phones in contacting unnamed "prospective and current employees." Am.Cpt., ¶45. The allegation of an employer using the telephone or internet to contact an employee does not fulfill the pleading standard for fraud under RICO established in *Haroco, Inc.* Therefore, the RICO Count III should be dismissed with respect to the mail and wire fraud claims as it has not met the requirements of Rule 9(b).

Finally, though the possible claim of embezzlement of pension funds included in Count II is subject to the slightly less stringent standard of FRCP 8 requiring only notice pleading, the Court can still distinguish between notice pleading and "shotgun" pleading lacking any merit. *Glenn v. First Nat'l Bank*, 868 F.2d 368, 371 (10th Cir. 1989). In *Glenn*, plaintiff filed a RICO claim in which it only vaguely followed the pleading requirements of RICO. *Id.* The trial judge summarized a situation markedly similar to the one at hand:

> Plaintiffs have failed to state the facts that support the elements of their RICO claim within the allegations of their First Claim for Relief. I will not search through the several paragraphs of the plaintiffs' "Introductory Allegations" and attempt to match the factual assertions with the elements of all subsections of the RICO statute to determine if the complaint states a claim for relief. Neither will I require the defendants to "piece" together the plaintiffs' complaint. Plaintiffs are required to assert, in good faith and subject to Rule 11, Fed. R. Civ. P. the RICO subsection or subsections on which they rely and support each claim with allegations of fact.

*Id.* (quoting the opinion of the trial judge). The 10th Circuit went on to uphold the trial judge's decision to dismiss. *Id.* Nowhere in the RICO Counts do Plaintiffs specify which RICO section they are bringing a claim under, nor do they provide allegations of fact to support their claims in the RICO Counts. Plaintiffs implicitly ask Defendants, as well as the Court, to sort through the RICO Counts, attempting to ascertain what the Plaintiffs may have meant to allege. The 10th Circuit refused to do so in *Glenn*, and similarly, this Court must dismiss Counts II and III of the Amended Complaint.

### D. Plaintiffs Have Failed To Properly Allege A Conspiracy Under RICO

Under RICO § 1962(d), it is unlawful for parties to conspire to violate any of the three substantive portions of § 1962, including § 1962(c). 18 U.S.C. § 1962(d). Plaintiffs have vaguely used the word 'conspire' in the RICO Counts, implying they may be invoking § 1962(d). Am.Cpt., ¶¶ 39, 40, 45, and 46. Nevertheless, the object of a RICO conspiracy is to violate one of the substantive RICO provisions, and any claim under § 1962(d) based on a

- 7 -

conspiracy to violate the substantive portions of § 1962 necessarily must fail if the substantive claims are themselves deficient. *Danielsen v. Burnside-Ott Aviation Training Ctr., Inc.,* 941 F.2d 1220, 1232 (D.C. Cir. 1991) (finding that where the plaintiff had failed to properly allege violations of the substantive portions of ¶ 1962, simply adding that the defendant conspired to violate the substantive portions of § 1962 was not enough to constitute a conspiracy under § 1962(d)). Because Plaintiffs' substantive RICO claims are invalid for the reasons discussed above, any potential conspiracy claim is invalid as well, and must be dismissed.

## IV. COUNTS IV – IX SHOULD BE DISMISSED FOR LACK OF JURISDICTION

Counts IV – IX of the Amended Complaint allege state law claims involving the Illinois Wage Payment and Collection Act, fraud claims, the Illinois statute regarding dishonored drafts, breach of contract and unjust enrichment. Plaintiffs allege jurisdiction is proper in the Northern District of Illinois based upon their ERISA (Count I) and RICO (Counts II-III) claims. However, should this Court dismiss Counts I-III, as the Defendants have so requested, this Court will no longer have jurisdiction to decided Counts IV – IX, the state law claims. *Groce,* 193 F.3d at 501 (emphasizing "that it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial"). Therefore, upon dismissal of the ERISA and RICO claims, this Court must dismiss Counts IV – IX for lack of jurisdiction. Even if the Court did have jurisdiction to hear Counts IV – IX, these counts should nonetheless be dismissed for failing to state a claim upon which relief can be granted.

## V. PLAINTIFFS DO NOT STATE A CLAIM UNDER THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

Plaintiffs claim pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS 115/4, is wholly insufficient. All Plaintiffs allege is that they were, from time to time, employees

- 8 -

of RMI and were entitled to compensation for services rendered.  Am.Cpt., ¶¶ 17, 58.  Nowhere in the Amended Complaint do the Plaintiffs allege when they were employed or what services they rendered.  Additionally, the Plaintiffs fail to state whether they had an employment agreement with any of the defendants and what amount any of the defendants promised to pay Plaintiffs.  Last, Plaintiffs have not alleged for what amount of compensation, if any, they were not properly compensated.  Therefore, this Court should dismiss Count IV for failing to state a claim.

Moreover, Plaintiffs' own pleading bars them from recovering from Flagship or Flagstad.  Plaintiffs specifically state they were employees of RMI (Am.Cpt., ¶58), not Flagship and not Flagstad.  Therefore, by Plaintiffs' own allegations, they have not stated a claim against Flagship or Flagstad and as such this Count should be dismissed as to these Defendants.

## VI.    COUNTS V AND VII ALLEGING FRAUD DO NOT COMPLY WITH RULE 9(B) AND FAIL TO STATE A CLAIM

Counts V and VII allege fraud in the inducement to contract and fraud in the retention of employees, respectively.  Neither count, however, meets FRCP 9(b)'s pleading requirements and additionally, should be dismissed for failing to state a claim.

In Count V, the Plaintiffs allege that defendants RMI, Flagstad, Flagship, Calumet, Shapiro and Dynamic fraudulently advertised employment positions.  Am.Cpt., ¶63.  As discussed above in the RICO section, FRCP 9(b) requires that plaintiffs plead fraud with particularity.  Plaintiffs have failed to plead Count V with such particularity.  Rule 9(b) requires plaintiffs to plead the "who, what, when, where and how of the alleged fraud." *Clark v. Robert W. Baird Co., Inc.*, 142 F.Supp.2d 1065, 1073 (N.D.Ill. 2001).  Count V is insufficient and must be dismissed.

- 9 -

Additionally, Plaintiffs' fraud claim is without merit. The alleged fraudulent conduct consists of non-disclosures or fraudulent concealment. However, a claim for fraudulent concealment under Illinois law requires that the defendant be under a legal duty to disclose the facts at issue. *Hirsch v. Feuer*, 702 N.E.2d 265, 273 (Ill.App. 1st Dist. 1998). Moreover, a duty to disclose does not exist in the absence of a fiduciary or confidential relationship. *Schrager v. North Community Bank*, 767 N.E.2d 376, 384-85 (Ill. App. 1st Dist. 2002). Otherwise, "[m]ere silence in a transaction does not amount to fraud." *Hirsch*, 702 N.E.2d at 273.

In this case, Plaintiffs appear to be job applicants of RMI. Am.Cpt., ¶62. The potential employer in this context is not a fiduciary of the job applicant and is therefore under no legal duty to disclose the financial condition of the company. Defendants, Flagship and Flagstad are not even alleged to be the employer. Thus, Count V should also be dismissed for failing to state a claim.

Equally insufficient is Count VII of the Amended Complaint. In this Count, Plaintiffs allege that Flagship and Flagstad engaged in a scheme to deceive plaintiff Neylon as to the financial situation of Flagship. Am.Cpt., ¶72. Absent once again from this Count is the "who, what, when, where and how" of the alleged fraud, as required by Rule 9(b). *Clark*, 142 F.Supp.2d at 1073. Therefore, Count VII is insufficient and must be dismissed. Additionally, as discussed *supra*, Flagstad is not alleged to be Neylon's employer and therefore is under no legal obligation to disclose the financial condition of Flagship.

## VII. THE DISHONORED DRAFTS ALLEGATION DOES NOT STATE A CLAIM

Count VI of the Amended Complaint should be dismissed because it fails to state a claim. First, the Amended Complaint only states that payroll checks to "various Plaintiffs" were not honored. Am.Cpt., ¶67. Once again, the Plaintiffs have failed to even notify the Defendants who is seeking relief from them. Surely, the Plaintiffs who do not fall into this vague category of

- 10 -

"various" are not entitled to relief. Additionally, the Plaintiffs have not notified the Defendants what payroll checks were not honored, the amount of each payroll check and what employer they are seeking relief from for each alleged payroll check. Therefore, Count IV should be dismissed.

## VIII. PLAINTIFFS' BREACH OF CONTRACT CLAIM MUST BE DISMISSED BECAUSE IT IS IMPROPERLY PLEAD

Count VIII of Plaintiffs' Amended Complaint alleges breach of contract. In order to properly plead breach of contract under Illinois law, plaintiffs must allege "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Natural Juice Co. v. Orchid Island Juice Co.*, No. 03 C 9154, 2004 U.S. Dist. LEXIS 7941 at *8 (N.D. Ill. May 4, 2004) (quoting *Elson v. State Farm Fire and Cas. Co.*, 295 Ill. App. 3d 1, 691 N.E.2d 807, 811, 229 Ill. Dec. 334 (Ill. App. Ct. 1998)).

Plaintiffs allege the existence of "an at will contract of employment," (Am.Cpt., ¶ 80) yet they provide no attachment of any such contract, nor do they even clarify whether the alleged contract is oral or written, as Defendants are entitled to be made aware of. *Goshen Veneer Co. v. G. & A. Aircraft, Inc.*, 3 F.R.D. 344, 345 (E.D. Pa., 1944) (where the court found the complaint alleging breach of contract overly vague in failing to specify what contract plaintiffs were relying upon, and whether such contract was oral or written). Moreover, Plaintiffs fail to state any terms of the contract, what constituted performance, or even when the contract was entered into. As such, there is no way for Defendants, or the Court, to determine "the existence of a valid and enforceable contract," as required under Illinois law. *Natural Juice Co.*, 2004 U.S. Dist. LEXIS 7941 at *8. Plaintiffs have failed to state a claim for breach of contract, and Count VIII of the Amended Complaint should be dismissed, accordingly.

- 11 -

## IX.  PLAINTIFFS' UNJUST ENRICHMENT CLAIM MUST BE DISMISSED BECAUSE IT IS NOT PROPERLY PLED, AND THERE CAN EXIST NO CLAIM FOR UNJUST ENRICHMENT WHERE AN EXPRESS CONTRACT GOVERNS

Count IX of the Amended Complaint alleges unjust enrichment.  In order to properly state a claim for unjust enrichment, Plaintiffs must allege that: (1) Defendants were unjustly enriched (2) to the detriment of Plaintiffs (3) against the fundamental principles of justice, equity, and good conscience.  *Travelers Indem. Co. v. Farmer*, No. 03 C 4708, 2003 U.S. Dist. LEXIS 22540 at *14 (N.D. Ill. Dec. 15, 2003).  Count IX states neither that Plaintiffs have suffered a detriment nor if and how the fundamental principles of justice and equity have been violated.  Where two of the three key elements of the claim are missing, it cannot be said that the claim has been properly pled under Rule 8.

Nevertheless, even if Count IX is properly pled, it still must be dismissed.  Plaintiffs allege the existence of an employment contract between Plaintiffs and Defendants in Count VIII of the Amended Complaint.  Am.Cpt., ¶ 80.  Unjust enrichment is a form of relief available under quasi-contract, totally unrelated to contract law.  As such, under Illinois law "a plaintiff may not state a claim for unjust enrichment when a contract governs the relationship between the parties." *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir., 1985).  There is some division in the Northern District as to the effect of *First Commodity Traders, Inc.  See Asad v. Hartford Life Insurance Co.*, 116 F. Supp. 2d 960, 964 (N.D. Ill. 2000) (stating that *First Commodity Traders, Inc.* is limited to summary judgment stage), *but see Rossi Distribs. v. Lavazza Premium Coffees Corp.*, No. 01 C 9271, 2002 U.S. Dist. LEXIS 18807 (N.D. Ill. Oct. 2, 2002) (stating that breach of contract and unjust enrichment may not be pled in the alternative).  While the latter opinion more accurately reflects the intent of the court in *First Commodity Traders, Inc.,* the issue here is simpler, and the Court need not choose between the differing approaches.  Plaintiffs did not even attempt to plead unjust enrichment in

- 12 -

the alternative, but rather alleged the existence of the contract within Count IX for unjust enrichment. Am.Cpt., ¶ 87. No court has held that the two claims may co-exist at the pleadings stage, unless pled in the alternative. Therefore, because the existence of an express contract precludes a claim for unjust enrichment, and Plaintiffs have clearly pled the existence of an express contract of employment within their claim of unjust enrichment, Count IX must be dismissed.

## CONCLUSION

Plaintiffs have no standing to pursue a claim under ERISA. The RICO counts are not pled with necessary elements and specificity. Accordingly, there is no federal question that allows this Court proper jurisdiction over any dispute between these parties. Therefore, the state court claims must necessarily be dismissed, as well. Nonetheless, the state law claims are equally deficient in their pleading proper causes of action.

FLAGSHIP INTEGRATION SERVICES, INC. and
KIM FLAGSTAD

By: _____
One of Their Attorneys

Eric S. Rein
Arika J. Osacky
SCHWARTZ, COOPER, GREENBERGER
 & KRAUSS, CHARTERED
180 N. LaSalle Street
Suite 2700
Chicago, IL 60601
(312) 346-1300
Fax: (312) 782-8416

- 13 -