IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD BLUM, NANCY BENSON, JAMES C. STRAIT, SEAN McEWAN, DALE NOTBUSCH, EDWARD HEALY, DIANE MALONE, STEVEN F. NEYLON, JEFFREY EDWARDS and MORGAN SHANK, | ) ) ) ) ) ) ) | CASE NO. 03C-7334 Judge Paul E. Plunkett |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| RMI NETWORK SERVICES, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

## NOTICE OF MOTION

**TO:** Scott A. Thackaberry, Esq.
3008 Lincoln Road
P.O. Box 3453
Oak Brook, IL 60522

Eric S. Rein, Esq.
Arika J. Osacky, Esq.
Schwartz, Cooper Greenberger & Krause, Chtd.
180 N. LaSalle St., Suite 2700
Chicago, IL 60601

Michael J. Devine, Esq.
James E. O'Halloran, Esq.
Deutsch, Levy & Engel, Chtd.
225 W. Washington St., Suite 1700
Chicago, IL 60606

Paula K. Jacobi, Esq.
Pamela S. DiCarlantionio, Esq.
Sugar Friedberg & Felsenthal, LLP
30 N. LaSalle St., Suite 3000
Chicago, IL 60602

**PLEASE TAKE NOTICE** that on the 29th day of July, 2004, at 11:00 a.m., or as soon thereafter as this Motion may be heard, counsel shall appear before the Honorable Paul E. Plunkett or any judge sitting in his stead in Courtroom 1441 in the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and shall there and then present **Motion of**

**Defendant Michael Calument to Dismiss the Amended Complaint Under Rule 12(B)(6),** a true copy of which is attached hereto.

Respectfully submitted,

**MICHAEL CALUMET**, Defendant

By _____
One of His Attorneys

Richard L. Sandler
Karen S. Manley
**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
321 North Clark Street, Suite 3300
Chicago, Illinois 60610
(312) 224-1200
(312) 224-1202 (fax)

Dated: July 12, 2004

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) SS. |
| COUNTY OF COOK | ) |

## CERTIFICATE OF SERVICE

**TO:** Scott A. Thackaberry, Esq.
3008 Lincoln Road
P.O. Box 3453
Oak Brook, IL 60522

Eric S. Rein, Esq.
Arika J. Osacky, Esq.
Schwartz, Cooper Greenberger & Krause, Chtd.
180 N. LaSalle St., Suite 2700
Chicago, IL 60601

Michael J. Devine, Esq.
James E. O'Halloran, Esq.
Deutsch, Levy & Engel, Chtd.
225 W. Washington St., Suite 1700
Chicago, IL 60606

Paula K. Jacobi, Esq.
Pamela S. DiCarlantionio, Esq.
Sugar Friedberg & Felsenthal, LLP
30 N. LaSalle St., Suite 3000
Chicago, IL 60602

I, **Sandra Gerlach**, a non-attorney, being first duly sworn upon oath, depose and state that I served upon the above-named attorney a copy of the attached **Notice of Motion, Motion of Defendant Michael Calumet to Dismiss the Amended Complaint Under Rule 12(B)(6) and Memorandum of Law in Support of Motion of Defendant Michael Calumet to Dismiss the Amended Complaint Under Rule 12(B)(6)** by enclosing true and correct copies thereof in duly-addressed postage-prepaid envelope and depositing same in the U.S. Mail at 321 North Clark Street, Chicago, Illinois on the 12th day of July, 2004.

*/s/ Sandra Gerlach*

SUBSCRIBED and SWORN to before
me this 12th day of July, 2004.

*/s/ Jeanne M. Sok*
Notary Public

"OFFICIAL SEAL"
JEANNE M. SOK
Notary Public, State of Illinois
Commission Expires Aug. 23, 2004

- 3 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HAROLD BLUM, NANCY BENSON, ) <br> JAMES C. STRAIT, SEAN McEWAN, ) <br> DALE NOTBUSCH, EDWARD HEALY, ) <br> DIANE MALONE, STEVEN F. NEYLON, ) <br> JEFFREY EDWARDS and ) <br> MORGAN SHANK, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> RMI NETWORK SERVICES, INC., ) <br> *et al.*, ) <br> ) <br> Defendants. ) | CASE NO. 03C-7334 <br><br> Judge Paul Plunkett |

**MOTION OF DEFENDANT MICHAEL CALUMET
TO DISMISS THE AMENDED COMPLAINT UNDER RULE 12(B)(6)**

Defendant Michael Calumet ("Calumet"), by his attorneys of record, Richard L. Sandler and Karen S. Manley, hereby moves the Court, under Rule 12(b)(6), Fed. R. Civ. P., to enter an Order dismissing the Amended Complaint filed herein against him for failure to state claims upon which relief can properly be granted. In support of this Motion, Calumet states to the Court as follows:

1. This action is brought by ten people who are former employees of RMI Network Services, Inc. Based on a reading of the bare-bones allegations of the Amended Complaint, the plaintiffs have attempted to assert nine separate claims under the Employee Retirement Income Security Act of 1974 (ERISA), the Racketeer Influences and Corrupt Organizations Act (RICO), the Illinois Wage Payment and Collection Act, the Illinois Uniform Commercial Code and Illinois common law, all arising out of their employment with RMI Network Services, Inc.

2. It appears that plaintiffs assert claims against Calumet personally in seven of the nine Counts contained in the Amended Complaint. The only claims not asserted against Calumet are Count VIII, attempting to assert a common law breach-of-contract claim, and Count IX, attempting to assert a common law unjust enrichment claim.

3. None of the seven counts of the Amended Compliant which Calumet interprets to be asserted against him personally states a claim upon which relief can be granted and, thus, should be dismissed under Federal Rule 12(b)(6) as detailed below:

    a. Count I, a breach-of-fiduciary-duty claim under ERISA, is deficient because ERISA does not provide a private right of action for an employee damaged or purportedly damaged in his/her individual capacity by a breach of duty by an ERISA "fiduciary." Such claims are to be brought only by and for the benefit of the affected employee benefit plan.

    b. Counts II and III, asserted under RICO, are deficient for the following reasons:

        i. Plaintiffs have failed to allege a specifically identifiable RICO enterprise and one that affects interstate commerce as part of their case;

        ii. Plaintiffs have failed to allege with particularity Calumet's involvement in the operation or management of the identifiable RICO enterprise;

        iii. Plaintiffs have failed to properly allege a pattern of racketeering activity cognizable under RICO;

        iv. Plaintiffs have failed to properly allege a conspiracy between and among the defendants under RICO.

  c. Count IV, asserting a state law claim under Section 4 the Illinois Wage Payment and Collection Act, 820 ILCS 115/4, is deficient for the following reasons:

    i. Plaintiffs have failed to allege the nature of the services provided to RMI Network Services, Inc., for which they have not allegedly been compensated and have failed to allege the nature and amount of compensation that has not been paid to them;

    ii. Plaintiffs fail to allege a factual basis upon which they seek to hold Calumet, who was not plaintiffs' employer, liable under the Illinois Wage Payment and Collection Act.

  d. Counts V and VII, asserting state common law claims for fraud are deficient for the following reasons:

    i. Plaintiffs have failed to allege fraud with sufficient particularity as required by Rule 9(b), Fed. R. Civ. P.;

    ii. To the extent that Counts V and VII are premised upon defendants' failure to disclose information or concealment of material information, plaintiffs have failed to allege a basis upon which defendants had a duty to disclose such information in order to make their non-disclosure or concealment actionable.

  e. Count VI, asserting a state law claim under Section 3-806 of the Illinois version of the Uniform Commercial Code, 810 ILCS 5/3-806, is deficient for the following reasons:

    i. Plaintiffs have failed to allege which among them have this particular claim;

    ii. Plaintiffs have failed to allege proper damage entitling them to relief in that they do not allege that they never collected the amounts of the payroll checks that were dishonored;

    iii. Plaintiffs have failed to allege the specific payroll checks that were dishonored;

    iv. Plaintiffs have no private right of action against Calumet absent allegations he was the drawer on any of the checks that were dishonored. Plaintiffs do not allege that any of the payroll checks came out of anything other than a corporate payroll account, for which Calumet cannot be liable as drawer.

  4. In addition to the foregoing grounds for dismissal of the Amended Complaint, in the event the Court dismisses Counts I through III, premised on federal jurisdiction, then the Court should refuse to exercise jurisdiction over the state law claims in Counts IV through VII for which there are no independent bases asserted for original federal jurisdiction.

  5. Calumet submits herewith his Memorandum in Support, outlining his legal arguments for dismissal of the claims asserted against him the Amended Complaint. Due to the similarity of the arguments being made by the defendants named in this action, Calumet adopts certain arguments of the other defendants (including defendants Flagship Integration Services, Inc., Kim Flagstad, Dynamic Management Solutions, Inc., and Michael Shapiro) who have filed motions to dismiss in order to reduce the amount of paper that the Court needs to read in addressing the defendants' various motions seeking dismissal of the Amended Complaint.

WHEREFORE, defendant Michael Calumet respectfully asks the Court to enter an Order dismissing Counts I through VII of the Amended Complaint for the reasons set forth above as supported by Calumet's accompanying Memorandum in Support.

MICHAEL CALUMET, Defendant

By _____
One of His Attorneys

Richard L. Sandler
Karen S. Manley
FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP
321 North Clark Street, Suite 3300
Chicago, Illinois 60610
(312) 224-1200
(312) 224-1202 (fax)

Dated: July 12, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HAROLD BLUM, NANCY BENSON, <br> JAMES C. STRAIT, SEAN McEWAN, <br> DALE NOTBUSCH, EDWARD HEALY, <br> DIANE MALONE, STEVEN F. NEYLON, <br> JEFFREY EDWARDS and <br> MORGAN SHANK, <br><br> Plaintiffs, <br><br> v. <br><br> RMI NETWORK SERVICES, INC., <br> *et al.*, <br><br> Defendants. | CASE NO. 03C-7334 <br><br> Judge Paul Plunkett |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION OF DEFENDANT MICHAEL CALUMET
## TO DISMISS THE AMENDED COMPLAINT UNDER RULE 12(B)(6)

In a series of convoluted and confusing allegations, ten former employees of defendant RMI Network Services, Inc. ("RMI") attempt to make a "federal case" out of their various disputes with their former employer. They purport to assert nine different claims in the Amended Complaint in varying combinations of plaintiffs and defendants, sometimes without distinguishing between who is in and who is out of a particular claim. In no claim do plaintiffs specifically allege the damages that they have suffered or the relief sought. Only three of the claims purport to be brought under federal law. The remaining six claims arise under state law.

To the best of defendant Michael Calumet's reading of the Amended Complaint, seven claims are asserted against him. He is a target of each of the three federal claims – one claim under ERISA and two claims under RICO. He is also a target of plaintiffs' state statutory claims under the Illinois Wage Payment and Collection Act and the Illinois Uniform Commercial Code and their state common law fraud claims. (Counts I through VII)

On close reading, none of the first three counts states a claim upon which relief can be granted under federal law. Each should be dismissed. Upon dismissal of those claims, the Court should decline to exercise jurisdiction over the state law claims asserted in the Amended Complaint without even considering their sufficiency. If that argument is not sufficient to warrant dismissal of the state law claims in addition to the federal claims, then Calumet asks the Court to dismiss each of the state law claims based on their own pleading inadequacies.

In support of his position, Calumet provides the Court with the following legal arguments. However, in doing so, Calumet relies upon and will incorporate many of the legal arguments made by other defendants in support of their respective motions to dismiss on the very same issues without repeating them. By doing so, Calumet seeks to reduce the paper to be reviewed by the Court in ruling on the various motions to dismiss that have been or will be filed.

## ARGUMENTS

### 1. Count I Fails to State a Cognizable Claim Under ERISA as ERISA Does Not Give Plaintiffs a Claim for Damages in Their Own Right.

It appears that, in Count I of the Amended Complaint, plaintiffs seek recovery of monetary damages for damages that they have suffered as "a direct and proximate result" of the breaches by certain defendants, including Calumet, of fiduciary duties imposed upon them under the Employee Retirement Income Security Act of 1974 ("ERISA") in controlling an undefined employee benefit plan in which plaintiffs participated. This claim must fail. Under Section 409(a) of ERISA, 29 U.S.C. § 1109(a), the specific section under which plaintiffs sue, a fiduciary who breaches his responsibilities, obligations and duties imposed upon him/her "shall be personally liable to make good *to such plan* any losses *to the plan* resulting from each such breach, and to restore *to such plan* any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary . . .." (emphasis added) The plain language has been interpreted, beginning with the United States Supreme Court, to show a congressional intent "for

extracontractual damages sought by a plan participant to inure to the plan itself and *not* to an individual plan beneficiary." *Hein v. Federal Deposit Insurance Corp.*, 88 F.3d 210, 222-23 (3rd Cir. 1996), *cert. denied* 519 U.S. 1056 (1997). *See also Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 140-44 (1985); *Tregoning v. American Community Mutual Ins. Co.*, 12 F.3d 79, 83 (6th Cir.), *cert. denied* 511 U.S. 1082 (1993); *Walter v. International Ass'n of Machinists Pension Fund*, 949 F.2d 310, 317 (10th Cir. 1991); *Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155, 1162 n. 7 (3rd Cir. 1990).

Inasmuch as plaintiffs seek to recover damages against Calumet allegedly owed to them in their individual capacities, Count I fails to state a claim upon which relief can be granted.

Count I should be dismissed.

**2. Counts II and III Fail to State Claims Under RICO By Virtue of Plaintiffs' Failures to Allege the Existence of an "Enterprise," to Allege Calumet's Involvement in that "Enterprise" and to Allege Fraud with Particularity.**

Counts II and III of the Amended Complaint purport to assert claims under the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*, in order to elevate their employment disputes to a "federal case." However, their allegations are woefully deficient, warranting dismissal of those claims.

To allege a violation of RICO under Section 1962(c), a plaintiff must allege "that the defendant (1) was employed by or associated with (2) an enterprise engaged in, or the activities of which affected interstate or foreign commerce, and (3) that the person conducted or participated in the conduct of the enterprise's affairs (4) through a pattern of racketeering activity." *Haroco, Inc. v. American Nat'l Bank & Trust Co.*, 747 F.2d 384, 387 (7th Cir. 1984), *aff'd* 473 U.S. 606 (1985). Plaintiffs fail to meet this burden, both as it relates to the Section 1962(c) claim in Count II and to the Section 1962(d) claim in Count III, purporting to allege conspiracy to violate RICO. *Cf. Danielsen v. Burnside-Ott Aviation Training Center, Inc.*, 941

- 3 -

F.2d 1220, 1232 (D.C. Cir. 1991)(holding that plaintiff's failure to properly allege violations of Section 1962 cannot support a conspiracy claim by alleging that defendants conspired to violate Section 1962).

The legal arguments respecting the general insufficiency of Counts II and III under RICO are adequately addressed in the Memoranda filed in support of the Motions to Dismiss filed by defendants Michael Shapiro and Dynamic Management Solutions, Inc. (in Argument I of their Brief in Support of Motion to Dismiss), and by defendants Flagship Integration Services, Inc., and Kim Flagstad (in Argument III of their Memorandum in Support of Motion to Dismiss). Those arguments, for the sake of brevity and the Court's convenience, are adopted *in toto* herein and will not be repeated.

### 3. The Insufficiency of Plaintiff's Federal Claims Warrants Dismissal of Their State Claims So This Case Can Go to Its Rightful Forum – State Court.

Having demonstrated above, that plaintiffs have failed to allege a single cognizable federal claim to put this case in federal court, the Court should refuse to exercise any jurisdiction over the myriad state law claims that plaintiffs attempt to assert. *Cf. Mooney v. Northwest Illinois Regional Commuter Railroad Corp.*, 128 F. Supp. 2d 1178, 1181 (N.D. Ill. 2001)(stating that dismissal of state claims, without prejudice, is the usual practice in this Circuit whenever all federal claims have been dismissed). This is particularly true where, as here, the plaintiffs allege no independent bases for this Court exercising jurisdiction over their state law claims.

However, even if the Court considers taking jurisdiction over plaintiffs' state claims, each and every one of them must be dismissed under Rule 12(b)(6) as discussed more fully below.

### 4. Plaintiffs Have No Claim Against Calumet Under The Illinois Wage Payment and Collection Act.

Count IV of the Amended Complaint alleges that plaintiffs, as employees of RMI, were entitled to receive certain, unspecified compensation for services that rendered to RMI and that

the anticipated compensation was not paid in accordance with Section 4 of the Illinois Wage Payment and Collection Act. 820 ILCS 115/4. The claim goes on to allege that Calumet breached his duty to pay the wages and compensation due plaintiffs in accordance with the terms of the Wage Payment Act. (Amend. Comp., at ¶¶ 58-59).

In the first place, as is true throughout the Amended Complaint, plaintiffs' allegations are totally devoid of any detail necessary to give defendants, or any of them, notice of the facts upon which the claim is based. There are no allegations as to how defendants failed to meet their duties under Section 4 of the Wage Payment Act and as to which plaintiffs these duties were not met. There are no allegations as to how much in wages was not paid to them or when those wages were to have been, but were not, paid.

Moreover, Section 4 of the Wage Payment Act makes an "employer" liable for "wages" earned by an employee. Plaintiffs are bound by their allegation that they were employed by RMI. (Amend. Comp., at ¶ 58). Nowhere do plaintiffs allege that they were employed by Calumet. Nor do they allege any other basis for creating a duty in Calumet to pay them wages required under the Wage Payment Act.

Under the circumstances, Count IV of the Amended Complaint should be dismissed.

### 5. Counts V and VII Fail to Satisfy Federal Pleading Requirements Or to State Valid Claims Based on Omissions of Material Facts.

Counts V and VII of the Amended Complaint purport to allege fraud claims against various defendants, including against Calumet. In Count V alleges that defendants fraudulently induced plaintiffs to come to work with RMI through the use of various, thinly detailed misrepresentations of omissions of material fact. Count VII alleges, with the same lack of detail, that defendants fraudulently induced plaintiffs to continue their employment with RMI through the use of similarly thinly detailed misrepresentations and omissions of material fact.

The allegations of these two claims fail to meet the federal court requirements for pleading fraud under Rule 9(b) and fail to satisfy the requirements for asserting fraud claims based on omissions of material facts, as articulated fully in the Memoranda filed in support of the Motions to Dismiss filed by defendants Michael Shapiro and Dynamic Management Solutions, Inc. (in Argument II of their Brief in Support of Motion to Dismiss), and by defendants Flagship Integration Services, Inc., and Kim Flagstad (in Argument V of their Memorandum in Support of Motion to Dismiss). Again, for the sake of brevity and the Court's convenience, the arguments in those papers are adopted by Calumet *in toto* herein and will not be repeated.

### 6. Count VI Fails to State a Claim Against Calumet for Dishonor of Paychecks.

In Count VI of the Amended Complaint, plaintiffs allege that, from time to time, their paychecks from RMI were not honored upon presentment to the drawee and, therefore, that Calumet is liable under Section 3-806 of the Illinois Version of the Uniform Commercial Code, 810 ILCS 5/3-806, because he caused to the paychecks to be issued. (Amend. Comp., at ¶ 67). Section 3-806 permits a person aggrieved by the dishonor of a check to recover $25.00 or the reasonable expenses incurred by him/her in connection with the collection of the dishonored check, whichever is greater, plus interest on the amount of the check.

Count VI totally fails to identify which plaintiffs had paychecks that were dishonored and the varying amounts of the paychecks that were dishonored. Moreover, Count VI totally fails to allege whether the unidentified plaintiffs ever collected on the checks and incurred expenses in doing or attempting to do so. Both deficiencies make Count VI ripe for a Rule 12(b)(6) motion. However, aside from these pleading failures, Count VI fails to state a claim against Calumet individually.

Section 3-806 of the Code specifically imposes liability upon "any person who issues a check or draft that is not honored upon presentment . . .." This language specifically

contemplates that the "person" liable is the issuer of the check – *i.e.*, the *drawer* of the check. *Cf. International Bureau of Fraud Control, Ltd. v. Clayton*, 188 Ill. App. 3d 703, 711, 544 N.E.2d 416, 422 (4th Dist. 1989)("We conclude the drawer's liability pursuant to Section 2-806 is limited to $10 or the actual cost and expenses incurred in litigation to collect upon the amount of the check.") Under the Commercial Code, the "drawer" is the "person who signs or is identified in a draft as a person ordering payment." 810 ILCS 5/3-103(a)(3).

Plaintiffs fail to allege how, if at all, Calumet was the "drawer" of the undisclosed payroll checks that were dishonored in order state a valid claim against him. There is no allegation that he issued the checks as drawer on his own bank account. Moreover, to the extent that he may have signed unidentified payroll checks to the unidentified plaintiffs whose checks were dishonored, we know from plaintiffs' own allegations that those checks would have been issued by RMI. In that circumstance, Calumet's signature on his check would have been added to the checks in his representative capacity on behalf of RMI, the drawer, effectively making RMI, not Calumet, liable for the penalty provided in Section 3-806, but only to the extent that plaintiffs plead and prove the remaining elements of their claim.

For these reasons, plaintiffs have no valid claim against Calumet under Section 3-806 of the Illinois version of the Uniform Commercial Code given the present allegations contained Count VI of the Amended Complaint.

## CONCLUSION

Clearly, plaintiffs have failed to state any valid federal claims against any of the defendants, let alone against Calumet individually. They cannot proceed under ERISA to recover damages suffered by them individually. A claim for breach of fiduciary duty must be brought on behalf of the employee benefit plan of which they were purportedly members. In addition, the allegations of the Amended Complaint fall woefully short of meeting the strict

pleading requirements applicable to the RICO claims that they seek to present to the Court. Since the federal claims cannot proceed, the Court should not even consider their state law claims and should dismiss the entire action so that plaintiffs, if they desire, can take this employment dispute to state court, where it belongs, if anywhere.

However, even if the Court chooses not to dismiss the entire case based on the insufficiency of the federal court claims, on further analysis, it will become clear that plaintiffs' state law claims are equally deficient. They, too, fail to meet requisite pleading standards as argued above.

For the foregoing reasons, the Amended Complaint should be dismissed in its entirety against Calumet under Rule 12(b)(6).

Respectfully submitted,

MICHAEL CALUMET, Defendant

By_____
One of His Attorneys

Richard L. Sandler
Karen S. Manley
FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP
321 North Clark Street, Suite 3300
Chicago, Illinois 60610
(312) 224-1200
(312) 224-1202 (fax)

Dated: July 12, 2004