UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HAROLD BLUM, NANCY BENSEN, JAMES C. STRAIT, SEAN MCEWAN, DALE NOTBUSCH, EDWARD HEALY, DIANE MALONE, STEVEN F. NEYLON, JEFFREY EDWARDS and MORGAN SHANK, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 03 C 7334 [Plaintiff's Response to William Borgstrom's Rule 12(b)(6) Motion to Dismiss Him as a Party Defendant] Judge Plunkett |
| FLAGSHIP INTEGRATION SERVICES, INC., KIM FLAGSTAD (a/k/a KIM M. FLAGSTAD, KIM MICHELE FLAGSTAD, KIM WELCH, KIM M. WELCH, KIM FLAGSTAD WELCH, KIM WELCH FLAGSTAD AND MRS. GEORGE E. WELCH), WILLIAM BORGSTROM, MICHAEL CALUMET, MICHAEL SHAPIRO and DYNAMIC MANAGEMENT SOLUTIONS, INC. | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO WILLIAM BORGSTROM'S RULE 12(b)(6) MOTION TO DISMISS HIM AS A PARTY DEFENDANT**

NOW COMES the Plaintiffs by and through their Attorney, Scott A. Thackaberry, in their Plaintiff's Response to William Borgstrom's Rule 12(b)(6) Motion to Dismiss Him as a Party Defendant, and, in support of it, they state:

PROCEDURAL POSTURE OF THE CASE

The Plaintiff's asked this Court for Leave to Amend their Complaint before service upon

Page 1 of 4

the Defendants. The Court granted their request and the Defendant filed his motion to dismiss, predicated upon the Plaintiff's Amended Complaint.

## STANDARD OF REVIEW

The Court must view all facts alleged in the complaint, as well as any reasonable inferences drawn from those facts, in the light most favorable to the plaintiff. Marchrowski v. Norwest Mortgage Inc., 6 F.S.2d 946, 950 (1998). Any ambiguities are likewise resolved in the plaintiff's favor. Id. A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts warranting relief. Id. These liberal pleading standards apply with as much force to civil RICO claims as to other civil causes of action. Id.

## ARGUMENT

**A.     The Plaintiff's need not allege that William Borgstrom breached any fiduciary duty, as the Plaintiff's need only allege that William Borgstrom received the proceeds from said breach.**

Count I of the Complaint alleges that Defendant's Calumet and Defendant Flagstaff approved and made distributions to William Borgstrom of plan assets. Am.Cpt., Paragraph 23. Said funds, so distributed, were assets of an ERISA plan. Am.Cpt., Paragraph 22. The plan assets, so distributed, were not the benefits due and payable to William Borgstrom, but were assets of the plan.

As set forth, in the Plaintiff's Response to Flagship Integration Services, Inc., and Kim Flagstad's Motion to Dismiss Plaintiff's Amended Complaint, the Plaintiff asks leave of the

Court to permit a Second Amended Complaint, in which, the plan will be named as a party Plaintiff. Upon that change in the pleading, the plan can then maintain a claim for those assets diverted to William Borgstrom. To the extent that William Borgstrom received plan assets, or enjoyed the benefit therefrom, the plan is entitled to look to him for restitution for such amounts diverted. Moreover, to the extent that William Borgstrom is possessed of said sums or the benefits therefrom, the Plan can ask him to be a fiduciary regarding said amounts so held.

As such, neither the Plaintiffs nor the Plan upon second amendment of the complaint will look to William Borgstrom for any extra-contractual damages as averred to Defendant's motion to dismiss. William Borgstrom is nonetheless a necessary party to this litigation for those assets, or the benefits therefrom, that he received, and needs to return to the plan.

**B.  The Plaintiff alleged predicate RICO acts and that Borgstrom received a benefit from theft or embezzlement of employee benefit plan assets.**

Theft or embezzlement from an employee benefit plan, in violation of 18 U.S.C., Section 664, is a "predicate act" for purposes of establishing a RICO claim. Mira v. Nuclear Measurements Corp., 107 F.3d 466, 473 (1997). The Plaintiffs pled such embezzlement in the First Court of their Amended Complaint. Moreover, they pled that William Borgstrom agreed to participate in this unlawful activity and enjoyed a pecuniary benefit for his participation therein. As such, the Plaintiff's met their pleading requirement for William Borgstrom to remain a party in this suit, but for other reasons set forth in the other Responses to Defendant's motion to dismiss, the plaintiff specifically requests leave of the Court to re-plead their Complaint regarding William Borgstrom as well.

WHEREFORE the Plaintiffs respectfully request that this Court not dismiss the

Defendant, William Borgstrom, for the reasons set forth herein, while allowing the Plaintiff's a time certain in which to file a Second Amended Complaint naming William Borgstrom as a Defendant.

_____
Attorney for the Plaintiffs

Name:       Scott A. Thackaberry
Atty. for:  Plaintiffs
Address:    3008 Lincoln Road
            P.O. Box 3453
            Oak Brook, IL 60522
Tel. No.:   (630) 342-9970

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAROLD BLUM, NANCY BENSEN, JAMES C. STRAIT, SEAN MCEWAN, DALE NOTBUSCH, EDWARD HEALY, DIANE MALONE, STEVEN F. NEYLON, JEFFREY EDWARDS and MORGAN SHANK,<br><br>Plaintiffs,<br><br>v.<br><br>RMI NETWORK SERVICES, INC., FLAGSHIP INTEGRATION SERVICES, INC., KIM FLAGSTAD (a/k/a KIM M. FLAGSTAD, KIM MICHELE FLAGSTAD, KIM WELCH, KIM M. WELCH, KIM FLAGSTAD WELCH, KIM WELCH FLAGSTAD AND MRS. GEORGE E. WELCH), WILLIAM BORGSTROM, MICHAEL CALUMET, MICHAEL SHAPIRO and DYNAMIC MANAGEMENT SOLUTIONS, INC.<br><br>Defendants. | No.: 03 C 7334<br>[Notice of filing]<br>Judge: Plunkett |

TO:   See Attached Service List

## NOTICE OF FILING

PLEASE TAKE NOTE that on September 24, 2004, by mail, the Plaintiff's did file with the Clerk of the Circuit Court: Plaintiff's Response to Defendant's Motion to Dismiss Amended Complaint, Plaintiff's Response to Motion of Defendant's Michael Calumet to Dismiss the Amended Complaint Under Rule 12(B)(6), Plaintiff's Response to William Borgstrom's Rule 12(b)(6) Motion to Dismiss Him as a Party Defendant and Plaintiff's Response to Flagship Integration Services, Inc. and Kim Flagstad's Motion to Dismiss Plaintiff's Amended Complaint, copies of which is attached hereto.

## CERTIFICATE OF SERVICE

I, Scott A. Thackaberry, an attorney, hereby certify that I served a copy the forgoing Notice of Filing, with attachments, to all parties of record in accordance with Court Rules.

                                                      Attorney for the Plaintiffs

| | |
|---|---|
| Name: | Scott A. Thackaberry |
| Atty. for: | Plaintiffs |
| Address: | 3008 Lincoln Road<br>P.O. Box 3453<br>Oak Brook, IL 60522 |
| Tel. No.: | (630) 342-9970 |

Service List:

Paula K. Jacobi
Pamela S. DiCarlantino
Sugar, Friedberg & Felsenthal, LLP
30 North LaSalle Street, Suite 3000
Chicago, IL 60602

Eric S. Rein
Aricka J. Osacky
Schwartz, Cooper, Greenberger & Krauss, Ltd.
180 N. LaSalle Street, Suite 2700
Chicago, IL 60601

Richard L. Sandler
Karen S. Manley
Fox, Hefter, Swibel, Levin & Carroll, LLP
321 N. Clark Street, Suite 3300
Chicago, IL 60610

Michael J. Devine
James E. O'Halloran
Deutsch Levy & Engel, Chtd.
225 W. Washington Street
Suite 1700
Chicago, IL 60606