UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAROLD BLUM, NANCY BENSEN, JAMES C. STRAIT, SEAN MCEWAN, DALE NOTBUSCH, EDWARD HEALY, DIANE MALONE, STEVEN F. NEYLON, JEFFREY EDWARDS and MORGAN SHANK,<br><br>    Plaintiffs,<br><br>v.<br><br>FLAGSHIP INTEGRATION SERVICES, INC., KIM FLAGSTAD (a/k/a KIM M. FLAGSTAD, KIM MICHELE FLAGSTAD, KIM WELCH, KIM M. WELCH, KIM FLAGSTAD WELCH, KIM WELCH FLAGSTAD AND MRS. GEORGE E. WELCH), WILLIAM BORGSTROM, MICHAEL CALUMET, MICHAEL SHAPIRO and DYNAMIC MANAGEMENT SOLUTIONS, INC.<br><br>    Defendants. | No.: 03 C 7334<br>[Plaintiff's Response to Flagship Integration Services, Inc. and Kim Flagstad's Motion to Dismiss Plaintiff's Amended Complaint<br>Judge Plunkett<br><br>FILED<br>SEP 2 4 2004<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

**PLAINTIFF'S RESPONSE TO FLAGSHIP INTEGRATION SERVICES, INC. AND KIM FLAGSTAD'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES the Plaintiffs by and through their Attorney, Scott A. Thackaberry, in their Plaintiff's Response to Flagship Integration Services, Inc. and Kim Flagstad's Motion to Dismiss Plaintiff's Amended Complaint, and, in support of it, they state:

PROCEDURAL POSTURE OF THE CASE

The Plaintiff's asked this Court for Leave to Amend their Complaint before service upon

the Defendants. The Court granted their request and the Defendant filed his motion to dismiss, predicated upon the Plaintiff's Amended Complaint.

## STANDARD OF REVIEW

The Court must view all facts alleged in the complaint, as well as any reasonable inferences drawn from those facts, in the light most favorable to the plaintiff. Marchrowski v. Norwest Mortgage Inc., 6 F.S.2d 946, 950 (1998). Any ambiguities are likewise resolved in the plaintiff's favor. Id. A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts warranting relief. Id. These liberal pleading standards apply with as much force to civil RICO claims as to other civil causes of action. Id.

## ARGUMENT

**I.   The Defendant's is acknowledged as set forth herein; yet, said claim does not warrant dismissal.**

The Plaintiffs intended to caption their case consistent with the style used in Mira v. Nuclear Measurements Corporation, 107 F.3d 466, 466 (1997), i.e., "Dina Mira, Delores Mira and James O. Mira, individually and on behalf of all those similarly situated." Such pleading convention is required where Plaintiffs, such as the one's set forth here, do not know of the name of the employee benefit plan in question, until the Plaintiffs conduct discovery and know the specific name, or names, of the plan, or plans, involved. Here, the pleader committed a scrivener's error. Such a scrivener's error, though, does not warrant the dismissal of the

Defendant Michael Calumet. As such, the Plaintiffs ask leave of the Court to file their Second Amended Complaint correcting-said defect.

## II. The Defendant's incorrectly believe that both Count II and Count III should be dismissed erroneously

The acts complained of by the Plaintiff in Count II are premised upon the theft or embezzlement of monies from employee benefit plans. The analysis set forth in the in Plaintiff's Response to Motion of Defendant's Michael Calumet to Dismiss the Amended Complaint under Rule 12(B)(6) are equally applicable here. Specifically, the enumerated Defendant's were associated with each other initially through their employment with RMI. Later, these individuals chose to engage in the theft or embezzlement of employee benefit plan assets as set forth. They solicited the RMI employee positions in interstate commerce by utilizing the Internet. The Defendants conducted, or participated in the conduct of these affairs by engaging acts of embezzlement or theft. In essence, criminals gained control of RMI Network Services, Inc., a defendant who did not file a motion to dismiss here.

Count III is premised on acts of mail and wire fraud. The predicate acts for Count III are claims of mail and wire fraud. The Defendants, as a group, expressed many concerns over the pleading of Count III. The Plaintiff's position is that while the Plaintiffs maintain that they can state cause of action Count III is pled ambiguously. As the Plaintiffs want a prompt and fair adjudication of the issues therein, the Plaintiff's specifically ask for leave of the Court to file a Second Amended Complaint so to eliminate the confusion surrounding how the Defendant's interpret this Count.

### III. Counts IV-IX should not be dismissed for lack of jurisdiction.

While the Plaintiff's agree with the Defendant Michael Calumet that usual practice of this circuit is to not dismiss state claims with prejudice, the Plaintiffs argue that dismissal of the federal claims is inappropriate as the assertions set forth in the Defendant's motion fails to meet the standard for dismissing claims as set forth above.

### IV. Dismissal of the claim under the Illinois Wage Payment and Collection Act is incorrect.

The Defendant argues that Kim Flagstad is not an employer or otherwise liable for wages that remain unpaid. The Defendant is in error.

820 ILCS 115/13 states:

> Any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act, shall be deemed to be employers of the employees of the corporation.

Defendant Kim Flagstad was, or is, the President of Defendant RMI, who knowingly permitted her company, the Defendant RMI, to violate the provisions of this Act. As such, Kim Flagstad became those employees' employer by operation of law, consistent with her knowing acts.

### V. Counts V and VII alleging fraud do state a claim.

The Plaintiffs believe that these Defendants misunderstand the claim in Count V. Specifically, the Plaintiffs do not allege a claim wholly on a theory of fraudulent concealment or non-disclosure as alluded to. In fact, the inference of ultimate fact to be drawn is that the Defendants worked with others to induce people to work for Defendant RMI, by promising

wages and benefits, when these Defendants either knew or should have known that no such wages or benefits would be paid. Therefore, under the facts as alleged and the standard or review for such claims, as set forth above, dismissal of any Defendant is inappropriate.

As for Count VII, the Plaintiffs ask leave of the Court to amend this count, as additional new information is available to the Plaintiffs regarding this claim which the Plaintiffs did not posses at the time they filed their First Amended Complaint.

## VI. The Dishonored draft claim states a claim for relief.

The Defendant claims that dismissal is appropriate as they have not been told which drafts were dishonored. This argument is disingenuous as the Defendant's check register will identify which drafts have not been honored and their bank would have notified the Defendant upon denial at presentment of those drafts. As this information is already in the Defendant's possession dismissing this claim is inappropriate.

## VII. The Plaintiffs did allege a breach of contract.

The Plaintiff's set forth the existence of a contract, Am.Cplt., Paragraph 80, performance of the contract, Am.Cplt., Paragraph 83, breach of contract by the Defendant, Am.Cplt, Paragraph 84, and damages Am.Cplt., Paragraphs 83 and 86. These claims are not overly broad, as time sheets and pay records will be produced in discovery demonstrating the past payment of wages and the Defendant's subsequent failure to page wages. Any contacts of employment are similarly discoverable and the Defendant is not prejudiced by Plaintiff's non-enumeration of the information demanded by the Defendants.

## VIII. The Plaintiff is entitled to claim unjust enrichment.

Above, the Defendant wanted to functionally claim that no such contacts of employment existed. Now, the Defendant asks this Court dismiss this claim of Unjust Enrichment as contracts of employment exist. The Plaintiffs are able, if not required to, claim all possible claims that they may have. That is what the Plaintiffs did here. Since this Count states a claim upon which relief may be granted, dismissal is inappropriate, especially dismissal with prejudice for the reason stated above.

_____
Attorney for the Plaintiffs

| | |
|---|---|
| Name: | Scott A. Thackaberry |
| Atty. for: | Plaintiffs |
| Address: | 3008 Lincoln Road |
| | P.O. Box 3453 |
| | Oak Brook, IL 60522 |
| Tel. No.: | (630) 342-9970 |