UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAROLD BLUM, NANCY BENSEN, JAMES C. STRAIT, SEAN MCEWAN, DALE NOTBUSCH, EDWARD HEALY, DIANE MALONE, STEVEN F. NEYLON, JEFFREY EDWARDS and MORGAN SHANK, <br><br> Plaintiffs, <br><br> v. <br><br> FLAGSHIP INTEGRATION SERVICES, INC., KIM FLAGSTAD (a/k/a KIM M. FLAGSTAD, KIM MICHELE FLAGSTAD, KIM WELCH, KIM M. WELCH, KIM FLAGSTAD WELCH, KIM WELCH FLAGSTAD AND MRS. GEORGE E. WELCH), WILLIAM BORGSTROM, MICHAEL CALUMET, MICHAEL SHAPIRO and DYNAMIC MANAGEMENT SOLUTIONS, INC. <br><br> Defendants. | DOCKETED <br> SEP 27 2004 <br><br> No.: 03 C 7334 <br> [Plaintiff's Response to Motion of Defendant's Michael Calumet to Dismiss the Amended Complaint Under Rule 12(B)(6)] <br> Judge Plunkett <br><br> FILED <br> SEP 24 2004 <br> MICHAEL W. DOBBINS <br> CLERK, U.S. DISTRICT COURT |

PLAINTIFF'S RESPONSE TO MOTION OF DEFENDANT'S MICHAEL CALUMET
TO DISMISS THE AMENDED COMPLAINT UNDER
RULE 12(B)(6)

NOW COMES the Plaintiffs by and through their Attorney, Scott A. Thackaberry, in their

Plaintiff's Response to Motion of Defendant's Michael Calumet to Dismiss the Amended

Complaint Under Rule 12(B)(6), and, in support of it, they state:

PROCEDURAL POSTURE OF THE CASE

The Plaintiff's asked this Court for Leave to Amend their Complaint before service upon

the Defendants. The Court granted their request and the Defendant filed his motion to dismiss, predicated upon the Plaintiff's Amended Complaint.

## STANDARD OF REVIEW

The Court must view all facts alleged in the complaint, as well as any reasonable inferences drawn from those facts, in the light most favorable to the plaintiff. Marchrowski v. Norwest Mortgage Inc., 6 F.S.2d 946, 950 (1998). Any ambiguities are likewise resolved in the plaintiff's favor. Id. A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts warranting relief. Id. These liberal pleading standards apply with as much force to civil RICO claims as to other civil causes of action. Id.

## ARGUMENT

**I. The Defendant's claim of failing to state a cognizable claim is nothing more than the standing issue.**

The Plaintiffs intended to caption their case consistent with the style used in Mira v. Nuclear Measurements Corporation, 107 F.3d 466, 466 (1997), i.e., "Dina Mira, Delores Mira and James O. Mira, individually and on behalf of all those similarly situated." Such pleading convention is required where Plaintiffs, such as the one's set forth here, do not know of the name of the employee benefit plan in question, until the Plaintiffs conduct discovery and know the specific name, or names, of the plan, or plans, involved. Here, the pleader committed a scrivener's error. Such a scrivener's error, though, does not warrant the dismissal of the Defendant Michael Calumet. As such, the Plaintiffs ask leave of the Court to file their Second

Amended Complaint correcting-said defect.

## II. The Plaintiff's Count II states a claim for RICO while the Plaintiff's otherwise wish to replead Count III.

In Count II, the Plaintiffs allege that Michael Calumet associated with, and Michael Calumet was employed by Defendant's RMI and Flagship Integration Services, Inc., that said enterprise affected interstate commerce is established by the Defendants' use of the internet, that Michael Calumet participated, or conducted, the enterprise is established by Michael Calumet's control over certain bank accounts in which employee benefit participant's funds were placed and the racketeering acts are established by the theft or embezzlement of funds, by Michael Calumet, or by others, through the distribution of funds from, one or more checking accounts under the control of Michael Calumet. As such, the Plaintiff's believe that Count II stands under the analysis averred to by Defendant Calumet.

As for Count III, the Plaintiffs, for concerns of clarity, and, given that they have otherwise requested the right to file a Second Amended Complaint, ask for leave to replead Count III also for greater specificity.

## III. As the federal claims are not otherwise insufficient, the Court should not dismiss the State Court claims.

While the Plaintiff agrees that normally state court claims are generally dismissed without prejudice, the Plaintiffs believe that dismissal is in appropriate here. Specifically, the Plaintiffs have met, or otherwise can meet, their pleading requirements as to the federal claims alleged.

Moreover, no one disputes that the 401(k) issues raised here do not otherwise implicate federal laws pursuant to ERISA. As such, this Court is the correct venue for resolution of these

disputes, whether under federal question jurisdiction or under the ancillary power of this Court to hear state claims.

### IV. Michael is liable under the Illinois Wage Payment and Collection Act as an Employer, as such dismissal is inappropriate.

The Defendant argues that Michael Calumet is not an employer or otherwise liable for wages that remain unpaid. The Defendant is in error.

820 ILCS 115/13 states:

> Any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act, shall be deemed to be employers of the employees of the corporation.

Defendant Calumet as chief financial officer of Defendant RMI was responsible for the payment of wages. As such, when he knowingly permitted employees to go unpaid, or issued drafts to those employees that were later dishonored, Michael Calumet became those employees' employer by operation of law, consistent with his knowing acts.

### V. As Michael Calumet adopted the pleadings of others, the plaintiffs will address those concerns elsewhere.

### VI. The Plaintiff's stated a claim for dishonored drafts.

The Defendant suggests that since the Plaintiffs did not enumerate each and draft, the amount thereof and otherwise allege certain facts with particularity. The Plaintiffs know of no such pleading obligation that requires the Plaintiff to plead evidence; however, if the Court grants the Plaintiffs leave to otherwise file a second Amended Complaint, they will attach an addendum, or otherwise indicate, the drafts in question.

WHEREFORE, as the Defendant himself admitted that dismissal with prejudice is an inappropriate response here, the Plaintiff asks this Court to not dismiss the Plaintiff and to otherwise grant their requests to correct a scrivener's error, to attach additional proofs of loss and to otherwise replead some of the issues set forth in their First Amended Complaint.

_____
Attorney for the Plaintiffs

Name: Scott A. Thackaberry
Atty. for: Plaintiffs
Address: 3008 Lincoln Road
P.O. Box 3453
Oak Brook, IL 60522
Tel. No.: (630) 342-9970