UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAROLD BLUM, NANCY BENSEN, JAMES C. STRAIT, SEAN MCEWAN, DALE NOTBUSCH, EDWARD HEALY, DIANE MALONE, STEVEN F. NEYLON, JEFFREY EDWARDS and MORGAN SHANK,<br><br>Plaintiffs,<br><br>v.<br><br>FLAGSHIP INTEGRATION SERVICES, INC., KIM FLAGSTAD (a/k/a KIM M. FLAGSTAD, KIM MICHELE FLAGSTAD, KIM WELCH, KIM M. WELCH, KIM FLAGSTAD WELCH, KIM WELCH FLAGSTAD AND MRS. GEORGE E. WELCH), WILLIAM BORGSTROM, MICHAEL CALUMET, MICHAEL SHAPIRO and DYNAMIC MANAGEMENT SOLUTIONS, INC.<br><br>Defendants. | DOCKETED SEP 27 2004<br><br>No.: 03 C 7334<br>[Plaintiff's Response to Defendant's Motion to Dismiss Amended Complaint<br>Judge Plunkett<br><br>FILED<br>SEP 24 2004<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

NOW COMES the Plaintiffs by and through their Attorney, Scott A. Thackaberry, in their Plaintiff's Response to Defendant's Motion to Dismiss Amended Complaint, and, in support of it, they state:

PROCEDURAL POSTURE OF THE CASE

The Plaintiff's asked this Court for Leave to Amend their Complaint before service upon



the Defendants. The Court granted their request and the Defendant filed his motion to dismiss, predicated upon the Plaintiff's Amended Complaint.

## STANDARD OF REVIEW

The Court must view all facts alleged in the complaint, as well as any reasonable inferences drawn from those facts, in the light most favorable to the plaintiff. Marchrowski v. Norwest Mortgage Inc., 6 F.S.2d 946, 950 (1998). Any ambiguities are likewise resolved in the plaintiff's favor. Id. A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts warranting relief. Id. These liberal pleading standards apply with as much force to civil RICO claims as to other civil causes of action. Id.

## ARGUMENT

The Defendants, Michael Shapiro and Dynamic Management Solutions, Inc., ask this Court requests center upon the question of whether or not the Plaintiffs pled Counts III and V with the requisite specificity. These Defendants do not claim that the Plaintiff's can prove no set of facts warranting relief in Count III. Their claim is one of specificity. Acknowledging this argument elsewhere, the Plaintiff's have requested leave of this Court to file their Second Amended Complaint setting forth the specificity required of such pleading. The Plaintiffs renew second requested relief here, absent a dismissal of these Defendants, given the aforementioned standards of review.

As for Count V, the Plaintiffs believe that these Defendants misunderstand the claim

the Defendants. The Court granted their request and the Defendant filed his motion to dismiss, predicated upon the Plaintiff's Amended Complaint.

## STANDARD OF REVIEW

The Court must view all facts alleged in the complaint, as well as any reasonable inferences drawn from those facts, in the light most favorable to the plaintiff. Marchrowski v. Norwest Mortgage Inc., 6 F.S.2d 946, 950 (1998). Any ambiguities are likewise resolved in the plaintiff's favor. Id. A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts warranting relief. Id. These liberal pleading standards apply with as much force to civil RICO claims as to other civil causes of action. Id.

## ARGUMENT

The Defendants, Michael Shapiro and Dynamic Management Solutions, Inc., ask this Court requests center upon the question of whether or not the Plaintiffs pled Counts III and V with the requisite specificity. These Defendants do not claim that the Plaintiff's can prove no set of facts warranting relief in Count III. Their claim is one of specificity. Acknowledging this argument elsewhere, the Plaintiff's have requested leave of this Court to file their Second Amended Complaint setting forth the specificity required of such pleading. The Plaintiffs renew second requested relief here, absent a dismissal of these Defendants, given the aforementioned standards of review.

As for Count V, the Plaintiffs believe that these Defendants misunderstand the claim

made. The Plaintiffs do not allege a claim based wholly on a theory of fraudulent concealment or non-disclosure as alluded to. In fact, the inference of ultimate fact to be drawn is that the Defendant worked with others to induce people to work for RMI, by the promise of wages and benefits, when the Defendant either knew or should have known that no such wage or benefits would be paid. Therefore, under the facts as alleged and the standard of review for such claims as set forth above, dismissal of the Defendant is inappropriate.

_____
Attorney for the Plaintiffs

Name: Scott A. Thackaberry

| | |
|---|---|
| Atty. for: | Plaintiffs |
| Address: | 3008 Lincoln Road |
| | P.O. Box 3453 |
| | Oak Brook, IL 60522 |
| Tel. No.: | (630) 342-9970 |