# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAROLD BLUM, NANCY BENSEN, JAMES C. STRAIT, SEAN MCEWAN, DALE NOTBUSCH, EDWARD HEALY, DIANE MALONE, STEVEN F. NEYLON, JEFFREY EDWARDS and MORGAN SHANK,<br><br>Plaintiffs,<br><br>v.<br><br>RMI NETWORK SERVICES, INC., FLAGSHIP INTEGRATION SERVICES, INC., KIM FLAGSTAD (a/k/a KIM M. FLAGSTAD, KIM MICHELE FLAGSTAD, KIM WELCH, KIM M. WELCH, KIM FLAGSTAD WELCH, KIM WELCH FLAGSTAD AND MRS. GEORGE E. WELCH), WILLIAM BORGSTROM, MICHAEL CALUMET, MICHAEL SHAPIRO and DYNAMIC MANAGEMENT SOLUTIONS, INC.,<br><br>Defendants. | Case No. 03 C 7334<br>(Amended Complaint)<br>Judge: Plunkett |

## NOTICE OF FILING

TO:    See Attached Service List

PLEASE TAKE NOTICE that on October 19, 2004 we filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois 60604, Defendants' Joint Reply to Plaintiff's Response to Motion to Dismiss Plaintiff's Amended Complaint, copies of which are attached hereto.

Dated: October 19, 2004

Eric S. Rein
Arika J. Osacky
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 North LaSalle Street, Suite 2700
Chicago, IL 60601
312-346-1300
312-782-8416 (fax)
Attorneys for Defendant

267886.1 050431-33561

## **CERTIFICATE OF SERVICE**

Eric S. Rein, one of the attorneys for Flagship Integration Services, Inc. and Kim Flagstad, states that on October 19, 2004 a copy of the foregoing Notice and the documents referred to therein were sent to each of the attorneys of record listed on the attached service list via United States First Class Mail.

*Thomas M O'Brien*

267886.1 050431-33561

## SERVICE LIST

**VIA U.S. MAIL**

Michael J. Devine
James E. O'Halloran
Deutsch Levy & Engel, Chtd.
225 W. Washington Street
Suite 1700
Chicago, IL 60606

**VIA U.S. MAIL**

Scott A. Thackaberry
3008 Lincoln Road
P.O. Box 3453
Oak Brook, IL 60522

**VIA U.S. MAIL**

Richard L. Sandler
Karen S. Manley
Fox, Hefter, Swibel, Levin & Carroll, LLP
321 North Clark Street
Suite 3300
Chicago, IL 60610

**VIA U.S. MAIL**

Paula K. Jacobi
Pamela S. DiCarlantionio
Sugar Friedberg & Felsenthal, LLP
30 N. LaSalle Street, Suite 3000
Chicago, IL 60602

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

DOCKETED
OCT 2 1 2004

| | |
|---|---|
| HAROLD BLUM, NANCY BENSEN, JAMES C. STRAIT, SEAN MCEWAN, DALE NOTBUSCH, EDWARD HEALY, DIANE MALONE, STEVEN F. NEYLON, JEFFREY EDWARDS and MORGAN SHANK,<br><br>Plaintiffs,<br><br>v.<br><br>RMI NETWORK SERVICES, INC., FLAGSHIP INTEGRATION SERVICES, INC., KIM FLAGSTAD (a/k/a KIM M. FLAGSTAD, KIM MICHELE FLAGSTAD, KIM WELCH, KIM M. WELCH, KIM FLAGSTAD WELCH, KIM WELCH FLAGSTAD AND MRS. GEORGE E. WELCH), WILLIAM BORGSTROM, MICHAEL CALUMET, MICHAEL SHAPIRO and DYNAMIC MANAGEMENT SOLUTIONS, INC.,<br><br>Defendants. | Case No. 03 C 7334<br>(Amended Complaint)<br>Judge: Plunkett<br><br>FILED<br>OCT 1 9 2004<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

**DEFENDANTS' JOINT REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

All Defendants, FLAGSHIP INTEGRATION SERVICES, INC. ("Flagship"), KIM FLAGSTAD ("Flagstad"), WILLIAM BORGSTROM ("Borgstrom"), MICHAEL CALUMET ("Calumet"), MICHAEL SHAPIRO ("Shapiro") and DYNAMIC MANAGEMENT SOLUTIONS, INC. ("Dynamic"), hereby submit their Joint Reply in support of their separate Motions seeking dismissal of the Amended Complaint filed by the Plaintiffs.

**I. INTRODUCTION**

Plaintiffs' Responses to the pending motions, which are very similar, if not identical in parts and in substance, miss the point. Plaintiffs have not stated and cannot state valid, cognizable claims for violations of ERISA and RICO by the Defendants, or any of them. Plaintiffs reference little, if any, relevant case authority. Their Responses, instead, are basically

pleas to the Court to allow them to further amend their already Amended Complaint. No set of facts can be alleged to support their federal claims as those claims simply do not exist as a matter of law. Plaintiffs' pleas should not be countenanced by this Court in order to perpetuate a lawsuit that (a) does not belong in Federal Court, and (b) is totally without merit.

Plaintiffs' arguments in support of their state law claims are deficient as well. Amending the Amended Complaint is not a cure-all, particularly where the Amended Complaint does not allege a valid federal claim to support the continued exercise of jurisdiction by this Court. Consequently, the Amended Complaint must be dismissed in its entirety.

## II. ARGUMENTS

### A. Count I – ERISA Violation

In Count I, Plaintiffs attempt to allege a breach of fiduciary duty violation under Section 1109 of ERISA, 29 U.S.C. § 1109. However, as noted by Flagship, Flagstad and Calumet in their Motions and supporting Memoranda, any action seeking to correct any such violations can only be brought on behalf of the employee welfare benefit plan, not by the individual plan participants. (Flagship and Flagstad Memo., pp. 2-3, Calumet Memo pp. 2-3) Here, Plaintiffs have clearly sued in their individual capacities, seeking to remedy losses that they personally suffered as a result of the alleged fiduciary duty breaches.

In their Response, Plaintiffs maintain that they did not know the name of the subject employee benefit plan and, thus, the "pleader" simply committed a "scrivener's error". There was no error. There is no simple defect to correct by amending the caption. Plaintiffs simply do not have standing to bring an action under Section 1109 of ERISA.

Moreover, Plaintiffs fail to address Flagship's position that Plaintiffs failed to state a claim because there are no allegations for breach of fiduciary duty or what wrong Flagship purportedly committed. Likewise, in their Response to Borgstrom's motion, Plaintiffs concede

- 2 -

that they have not pled the required elements for breach of fiduciary duty. Plaintiffs' silence is clear. Count I of the Amended Complaint must be dismissed as to all Defendants against whom it is asserted.

### B. Count II and III - RICO

Defendants pointed out numerous pleading deficiencies in Plaintiffs' RICO claims asserted in Counts II and III. First, Plaintiffs failed to allege the existence of an enterprise. (Flagship and Flagstad Memo., p. 4; Shapiro and Dynamic Memo, p. 6; Borgstrom memo, pp. 2-4) Plaintiffs' Response does not address this issue. Instead, in a convoluted way, Plaintiffs state that Defendants "were associated with each other initially through their employment with RMI." However, neither Flagship, Shapiro or Dynamic were employees of RMI. Plaintiffs' statement is nonsensical and is indicative of the nature of their substantive responses to Defendants' motions seeking dismissal of the RICO claims.

Second, Defendants pointed out that Plaintiffs failed to establish a pattern of racketeering activity. (Flagship and Flagstad Memo., pp. 5-6; Shapiro and Dynamic Memo, p. 7; Borgstrom Memo, pp. 2-4) Plaintiffs' Response states that the predicate acts were embezzlement or theft of monies from employee benefit plans. But, the Amended Complaint does not specify the alleged fraud. This requires a showing of a both a relationship between the acts of racketeering and the threat of continuing activity. Plaintiffs' Response does not enlighten this Court as to if and when Plaintiffs believe that the predicate acts occurred, who committed them, or how these predicate acts may or may not be related to each other. Hence, Plaintiffs fail to address their inability to establish a "pattern" of racketeering.

Plaintiffs maintain that the predicate acts under Count III are mail and wire fraud. Their only argument in response to the Motion to Dismiss is an act of contrition, requesting that they

be allowed to file a second and further amended complaint. A further amendment cannot and will not cure their inability to state claims for RICO violations.

### C. Count IV – Illinois Wage Payment and Collection Act

In Count IV, Plaintiffs claim that Defendants, Flagstad and Calumet, are liable to Plaintiffs for breaching their respective duties owed under the Illinois Wage Payment and Collection Act. 820 ILCS 115/4 (2003). Flagstad is liable allegedly because of "her tacit disregard for the corporate identity," and Calumet is liable for some unexplained reason. (Amended Compl., ¶57) However, aside from the fact that Plaintiffs fail to describe the details of these purported breaches (in terms of identifying the Plaintiffs that were not paid, the amounts that they were not paid and the times of such nonpayments), it is clear that an officer or agent of an employer is liable as an "employer" under the Act only when he or she knowingly or willfully aids the employer's violation of the Act. 820 ILCS 115/13 ; see Andrews v. Kowa Printing Corp., 351 Ill.App.3d 668, 814 N.E.2d 198, 206 (4th Dist. 2004). Since the Amended Comlpaint lacks any specific allegations that Defendants, Flagstad and/or Calumet, knowingly or willfully aided Plaintiff's employer in violating the Act, Count IV must be dismissed.

### D. Counts V and VII – Fraud

Plaintiffs ask to re-plead their fraud claim in Count VII without so much as a cursory description as to the "additional new information" that is now available to them and how that "additional new information" would cure the obvious insufficiencies in the current pleading which Plaintiffs do not attempt to defend. If Plaintiffs feel that the "additional new information" will cure Count VII, then it seems that they should have proffered their new pleading with their request to amend so that Defendants and the Court could determine at this point, rather than on another motion to dismiss, whether amending will be a waste of time in light of the obvious insufficiency of the present Count VII. Cf. Zaidi v. Ehrlich, 732 F.2d 1218, 1220 (5th Cir. 1984)

- 4 -

267859.1 050431-33561

(plaintiff's failure to attach proposed complaint did not defeat her right to amend where she made clear in her supporting memorandum the substance of the proposed amendment.)

As for Count V, Plaintiffs assert that the claim that they seek to bring is based on fraudulent inducement of people to work for RMI by both affirmative material actions and statements and by material omissions and concealment of material facts. Even if Plaintiffs seek to hold Defendants liable for fraudulent conduct intended to induce them to go to work for RMI, as pointed out in the Memoranda filed by Flagship and Flagstad and by Shapiro and Dynamic, Plaintiffs have failed to plead such allegations with the specificity required under Rule 9(b). Fed. R. Civ. P. 9(b).

Both Counts V and VII of the Amended Complaint should be dismissed.

### E.   Count VI – Dishonored Drafts

Plaintiffs fail to respond in any way to Defendant Calumet's, argument that Count VI of the Amended Complaint fails to allege a factual basis for holding him liable as the "drawer" of the allegedly dishonored payroll checks. (Calumet Memo., pp. 6-7) Cf. International Bureau of Fraud Control, Ltd. v. Clayton, 188 Ill.App.3d 703, 711, 544 N.E.2d 416, 422 (4th Dist. 1989) (finding that liability under Section 3-806 of the Illinois version of the Uniform Commercial Code is limited to drawers of the dishonored drafts). Instead, Plaintiffs respond to the motions (directed at the lack of specificity of Count VI's allegations in terms of which Plaintiffs are asserting the claim for relief, the specific payroll checks that were not honored, the amount of each payroll check that was not honored and from what employer they are seeking relief) by arguing that Defendants RMI and Flagship have all of the records from which Defendants can make their own determination as to the information that they want Plaintiffs to plead. While those Defendants may have the various check registers and bank records from which a search could result in the discovery of this information, Defendants are not aware of any principle of

267859.1 050431-33561

law that allows this assertion to trump a Plaintiff's duty to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Since Plaintiffs have not complied with this requirement, Count VI should be dismissed.

### F. Count VIII – Breach of Contract

Plaintiffs argue that they have alleged the existence of a contract, performance, breach and damages. Yet, they do not address the issues raised in Flagship and Flagstad's Motion and Memorandum. Plaintiffs merely allege the existence of a contract, without identifying whether it was oral or written. They also do not state any of the terms of the alleged contract, what constituted performance or when the contract was entered into. As Flagship and Flagstad pointed out in their Memorandum, such insufficient pleading requires dismissal of Count VIII. (Flagship and Flagstad Memo, p. 11)

Strikingly, Plaintiffs contend that they will produce timesheets, pay records and any contracts of employment in discovery. If this information is in the possession of Plaintiffs, they can clearly plead the breach of contract action with the required particulars. This is not a game of cat and mouse. Plaintiffs must plead their causes of action properly and Defendants are not required to wait until discovery to determine the nature of the claims being made against them.

### G. Count IX – Unjust Enrichment

Plaintiffs claim that Count IX is plead as an alternative to its contract of employment count. The Amended Complaint does not indicate that it is plead in the alternative and is defective as a result. Nonetheless, Count IX does not allege that Plaintiffs have suffered a detriment for whether and how the fundamental principles of justice and equity have been violated. These are two of the three key elements for stating a cause of action for unjust enrichment and, as pointed out in Flagship and Flagstad's Memorandum, the claim has not been properly plead under Rule 8. (Flagship and Flagstad Memo., p. 12)

## III. CONCLUSION

Plaintiffs' Response fails to present any convincing or persuasive rebuttal to Defendants' separate but consistent Motions to Dismiss. Plaintiffs still have no standing to pursue a claim under ERISA. The RICO counts are not plead with the necessary elements and specificity. The state law claims are equally deficient, both in form and in substance. There is no federal question that allows this Court to exercise continuing jurisdiction over any of the disputes between the parties. Therefore, the Amended Complaint must be dismissed with prejudice, and without leave to amend.

Respectfully submitted,

FLAGSHIP INTEGRATION SERVICES, INC. and KIM FLAGSTAD, WILLIAM BORGSTROM, MICHAEL CALUMET, MICHAEL SHAPIRO and DYNAMIC MANAGEMENT SOLUTIONS, INC.

By: _____
Eric S. Rein
Arika J. Osacky
SCHWARTZ, COOPER, GREENBERGER
 & KRAUSS, CHARTERED
180 N. LaSalle Street
Suite 2700
Chicago, IL 60601
(312) 346-1300
Fax: (312) 782-8416
Attorneys for Flagship and Flagstad

By: _____
Paula K. Jacobi/Pamela S. DiCarlantonio
Sugar, Friedberg & Felsenthal, LLP
30 N. LaSalle Street, Suite 3000
Chicago, IL 60602
(312) 704-9400
Fax: (312) 372-7951
Attorneys for William Borgstrom

267859.1 050431-33561

By: /s/ Richard L. Sandler
Richard L. Sandler
Fox, Hefter, Swibel, Levin & Carroll, LLP
321 N. Clark Street, Suite 3300
Chicago, IL 60610
Attorneys for Michael Calumet

By: /s/ Michael J. Devine
Michael J. Devine/James E. O'Halloran
Deutsch Levy & Engel, Chtd.
225 W. Washington Street, Suite 1700
Chicago, IL 60606
Attorneys for Michael Shapiro and Dynamic Management Solutions

- 8 -

267859.1 050431-33561